John D. Bennett, S.
This is an application for the appointment of a successor custodian pursuant to subdivision 4 of section 267 of the Personal Property Law (art. 8-A — Gifts of Securities to Minors; L. 1956, ch. 35, eft. March 2, 1956). Article 8-A contains, with some variations, the provisions of the model act sponsored by the New York Stock Exchange and the Association of Stock Exchange Firms. A uniform act patterned in large portion after the model act has been drafted by the National Conference of Commissioners on Uniform State Laws.[1]
*757 The model act has "been adopted by 15 States (of which two, Connecticut and "Wisconsin, have adapted their statutes to conform to the Uniform Act).[2]
The uniform act has been adopted by 29 States (including Connecticut and Wisconsin, mentioned above).[3]
The model act was intended to provide a simple and inexpensive method for making gifts of securities to minors without the necessity of resorting to trusts and formal guardianships. Under the model act as adopted in New York State, “ Any adult person may make a gift of securities to a person who has not attained the age of twenty-one years on the date of the gift ’ ’ in a manner prescribed by the act. The gift vests indefeasibly in the minor. A custodian has custody of the gift, and his rights, powers and duties are extremely broad, for example: Pursuant to paragraph (a) of subdivision 2 of section 266 he may apply all or part of the income “as he may deem advisable for the support, maintenance, education and benefit of the minor ’ ’. Further pursuant to paragraph (b) of the same subdivision, the custodian “may sell, exchange, convert, or otherwise dispose of any and all of the securities or other property held by him in such manner and at such time or times, for such prices and upon such terms as he may deem advisable ”. He is not restricted to investments permitted fiduciaries. No bond or other security is required of the custodian, and he ‘ ‘ shall not be liable for any losses to the property held by him except such as are the result of his bad faith or intentional wrongdoing ”. (Personal Property Law, § 266, subd. 4.)
Under subdivision 1 of section 267, the donor, adult members of the minor’s family (defined in § 269, subd. 1, par. [d]) or a guardian (defined in § 269, subd. 1, par. [f]) of the minor are the only persons eligible to become successor custodians.
The model act provided for automatic succession of custodians alternatively where there was an existing general guardian of a minor over the age of 14 who was permitted to designate a successor custodian, or, if he was under 14, certain designated persons. It was only when there was found to be no acting custodian that application to the court was indicated. The New *758 York statute departs significantly from the model act in- this respect, and requires that a successor custodian may he appointed only by the Supreme Court or the Surrogate’s Court. Subdivision 4 of section 267 reads as follows: “ In the event of the death of a custodian before the minor attains the age of twenty-one years, the legal representative of the last acting custodian, the donor, a guardian of the minor or any adult member of the minor’s family may petition the supreme court or the surrogate’s court having jurisdiction of the minor, on such notice as the court may require, for the appointment of a successor custodian.”
In this respect the New York act also differs from the uniform act.
Under the circumstances, it can only be assumed that the Legislature’s deletion of those provisions of the model act which provided for automatic succession of successor custodians, and its insertion of the provision necessitating application to the court, was intended to require a sufficient inquiry on the part of the petitioned court to determine that the successor custodian to be appointed would best serve the interests of the minor. On the other hand, the very nature of the article is such as to indicate that the successor custodian be appointed expeditiously.
In the interests of satisfying the criteria implicit in the above paragraph, the court deems it advisable to indicate some of the facts which should be presented in the application: (1) the relationship between the petitioner and the minor; (2) the age of the minor; (3) the facts concerning the original gift; (4) whether the donor was the original custodian and, if not, whether he joins in the application; (5) who are the adult members of the minor’s family; (6) whether there is a general or testamentary guardian of the minor and if so, whether he joins in the application; (7) if the donor was a relative of the minor and has died leaving a will, a copy of the will should be submitted; (8) if the donor was the custodian and is now deceased, what was the relationship between the custodian and the petitioner; (9) if the donor custodian and petitioner were husband and wife, whether they were living together and whether the infant resided with them; (10) with whom the minor is now living; (11) the moneys and securities to be delivered to the successor custodian and the value of such securities.
Additional facts and affidavits should be submitted as would permit the court to determine from the papers, in the absence of a contest, that the best interests of the minor will be served by the appointment of the petitioner as successor custodian, rather than some other eligible person.
*759 The court will ordinarily require that notice be served upon such persons as are served in a proceeding for the appointment of a general guardian, and the donor, if he is alive, and the guardian, if there is one, of the minor. The appointment would be expedited if such persons were to join in the application.
Upon the facts set forth in the petition, and after examination of the donor-custodian’s will in which the petitioner is named as the sole legatee and executrix, to serve without bond, the court determines that the best interests of the infant will be served by the appointment of the petitioner as successor custodian. The decree submitted will be signed, all interested parties having joined in the application and consented to the proposed decree.

 See section 7 of Uniform Gifts to Minors Act as approved and recommended at the Annual Conference of the National Conference of Commissioners on Uniform State Law, August 20-25, 1956 and prefatory note which collates comment on the subject found in law reviews and other journals, to which may be added: Gifts of Securities to Minors — Art. 8-A, Personal Property Law (31 St. John’s L. Rev., p. 155); Personal Property — Gifts of Securities to Minors — New York Statute (32 New York U. L. Rev., p. 203); Internal Revenue Bulletin, No. 32, rule 57-366 [Aug. 12, 1957], p. 20.

 California, Colorado, Connecticut, Georgia, Michigan, New Jersey, New York, North Carolina, Ohio, Rhode Island, South Carolina, Virginia, Wisconsin, District of Columbia, Alaska.

 Alabama, Arizona, Arkansas, Connecticut, Delaware, Florida, Idaho, Indiana, Kansas, Maryland, Massachusetts, Minnesota, Missouri, Montana, Nebraska, New Hampshire, New Mexico, North Dakota, Oklahoma, Pennsylvania, South Dakota, Tennessee, Texas, Utah, Vermont, West Virginia, Wisconsin, Wyoming, Hawaii.