■ Michael J. Schuler, Jr., Appellant, v. Mary L. Schuler, Respondent.— Appeal from an order of the Supreme Court, Richmond County, dated September 22, 1967, which, on defendant's motion, modified the judgment of divorce in this action so as to award custody of the children of the parties to defendant, with specified visitation rights to plaintiff, and directed plaintiff to make certain payments for the children's support. Order reversed, on the law and on the facts, without costs; motion granted only to the extent that reasonable visitation privilges should be granted to defendant, for the fixation of which the motion is remitted to Special Term; and motion otherwise denied. In our opinion, under the circumstances here presented, the best interests of the children will be served by retaining the *status quo*, except that reasonable visitation privileges should be granted to defendant. The proof offered at the hearing failed to show that any harm to the children would result if they remained in plaintiff's custody; nor did it reveal plaintiff to be an unfit custodian (*Lester* v. *Lester*, 178 App. Div. 205, affd. 222 N. Y. 546; *Matter of Jackson* v. *Woodner*, 19 Misc 2d 594). No circumstances were established to warrant needless shuttling back and forth of the children (*Matter of Lang* v. *Lang*, 9 A D 2d 401, affd. 7 N Y 2d 1029). Moreover, a favorable change in circumstances, if any, enabling defendant also to provide the same comforts that are presently provided by plaintiff does not warrant granting the relief requested (*People ex rel. Foussier* v. *Uzielli*, 23 A D 2d 260, affd. 16 N Y 2d 1057). The evidence adduced at the hearing reveals that the children are healthy and well cared for. Plaintiff is able to supply them with all their needs and since his remarriage can also offer them a proper home life. The denial of defendant's visitation rights by plaintiff is not a change in circumstances sufficient to warrant transferring custody (*Shakun* v. *Shakun*, 11 A D 2d 724). In the absence of proof showing that plaintiff forfeited his right to maintain custody, Special Term erred in granting defendant's motion (*Lester* v. *Lester, supra*). Beldock, P. J., Brennan, Hopkins, Munder and Martuscello, JJ., concur.