## (March 20, 1975)

In the Matter of DEBORAH A. VINCENT, Appellant, v. LEE A. VINCENT, Respondent.— Appeal from orders of the Family Court, entered January 7, 1974 in Franklin County, which (1) dismissed the petition for custody of the children of the marriage between petitioner and respondent and awarding custody to respondent, and (2) establish petitioner's visitation rights. During the pendency of divorce proceedings between the parties, in the course of which a temporary order granting custody to the respondent-father was issued by Supreme Court, petitioner, the mother, brought on this proceeding in Family Court seeking an award of permanent custody. At the outset, we reject petitioner's contention that New York law creates a presumption in favor of awarding custody of young children to the mother. Section 70 of the Domestic Relations Law makes it clear beyond peradventure that the sole criterion is the best interest of the child, with " no prima facie right to the custody of the child in either parent ". Petitioner next urges that there was an absence of evidence to sustain the determination of the court awarding custody to respondent. The record of petitioner's neglect of her children was abundant and clearly supports the finding of Family Court that under the standard of section 70, the interests of these children would be disserved by placing them in their

mother's custody. Moreover, the respondent's financial position was much more secure, and the Family Court could look to evidence of past history of supervision to find that respondent would be capable of providing for adequate supervision of the children, who are now all of school age, in the future. However, we do agree with petitioner that the limitation of visitation rights to a four-hour period on one day per week, with exception of a two-week summer period and two holidays, is unnecessarily restrictive. Therefore, the order will be modified to allow additional visitation on one weekday evening to be agreed upon by the parties or established by the court. Order entered January 7, 1974, dismissing the petition and awarding custody to respondent, affirmed, without costs. Order entered January 7, 1974, establishing visitation rights, modified by amending subparagraph (1) of the first decretal paragraph to read as follows: "To visit the children at the home of the paternal grandparents on Sunday of each week from 1:00 P.M. until 5:00 P.M., and to further visit the children at the home of respondent during any two-hour period between 5:30 P.M. and 9:00 P.M. on any day between Monday and Friday as the parties shall agree upon, provided however that such day and time shall be established by the Family Court of Franklin County in the event of the inability of the parties to agree upon same"; and, as so modified, affirmed, pending a final determination in the divorce proceeding, without costs. Herlihy, P. J., Greenblott, Kane, Main and Larkin JJ., concur.