■ In the Matter of KEVIN M. JJ, Respondent, v ALICE A. JJ, Appellant.—Appeal from an order of the Family Court, Broome County, entered April 11, 1975, which awarded custody of the infant child to the petitioner. The parties were married in January, 1973 and are the parents of an infant daughter. A few months after the marriage, the appellant became involved with another man, abandoned her husband and daughter and resided with her paramour until just before the commencement of the custody proceeding, at which time she moved into her parents' home. In December of 1974 the parties entered into a separation agreement under which petitioner retained custody of the infant daughter pending a determination of the Broome County Family Court. Under the terms of the agreement, it was incorporated into a decree of divorce granted the petitioner in January, 1975 and the instant proceeding was thereafter commenced. Petitioner is a student and holds a part-time job and, during school and working hours, he

leaves his daughter with his mother. Appellant, now residing with her parents, is presently unemployed but is seeking employment. Neither party asserts that the other is unfit and both profess a strong ·love for the child. Investigation by the Broome County Department of Probation found petitioner's apartment and appellant's parents' home to be completely satisfactory. After a hearing, the Family Court awarded custody to the petitioner father, and the appellant mother appeals. It is, of course, well settled that in any custody proceeding arising out of a dispute between divorced parents, the court's primary concern is for the best interests of the child (Matter of Lincoln v Lincoln, 24 NY2d 270). There is no prima facie right to custody in either parent (Domestic Relations Law, §§ 70, 240), and the question of custody is ordinarily a matter of discretion for the trial court, so long as there is a sound and substantial basis for the determination (Matter of Darlene T., 28 NY2d 391, 395). Since there is no claim or proof that the petitioner is unfit or likely to become so and since he has had continued custody of the infant, it is difficult to see how the infant's best interests would be served by a change of custody. The child's welfare dictates that a shifting of custody should be avoided whenever possible (Matter of Lang v Lang, 9 AD2d 401, affd 7 NY2d 1029). We conclude that there was a sound and substantial basis for the determination of the Family Court, and the order should be affirmed. Order affirmed, without costs. Greenblott, J. P., Sweeney, Koreman, Main and Reynolds, JJ., concur.