■ In the Matter of the Claim of JESSIE TROIANO, Appellant. PHILIP Ross, as Industrial Commissioner, Respondent.—Appeal from a decision of the Unemployment Insurance Appeal Board, filed July 28, 1975, which affirmed the decision of a referee sustaining an initial determination of the Industrial Commissioner holding claimant ineligible to receive benefits because she was not available for employment. Claimant filed for benefits in Florida from February 3, 1975 until May 10, 1975 when she returned to New York. The board found that she made few identifiable contacts for work either in Florida or New York. She now permanently resides in Florida. While claimant alleges and offers proof that she was available for work and diligently sought employment in both Florida and New York, such allegations raise questions of fact to be determined by the board. There is substantial evidence in this record to support the board's determination and, therefore, its decision must be affirmed *(Matter of Bennett [Catherwood],* 33 AD2d 946). Decision affirmed, without costs. Sweeney, J. P., Kane, Larkin, Herlihy and Reynolds, JJ., concur.

■ In the Matter of the Claim of JOHN W. RUSSELL, Appellant. PHILIP Ross, as Industrial Commissioner, Respondent.—The record contains substantial evidence to sustain the decision of the Unemployment Insurance Appeal Board. Decision affirmed, without opinion and without costs. (CPLR 5522.) Sweeney, J. P., Kane, Larkin, Herlihy and Reynolds, JJ., concur.

■ In the Matter of DORIS A. CONKLIN, Appellant, v RODGER B. CONKLIN, Respondent.—Appeal from an order of the Family Court of Rensselaer County, entered March 26, 1976, which dismissed petitioner's application seeking to obtain custody of the children of the marriage of the parties and directed her to turn over the possession, custody and control of the children to respondent. The Family Court refused to change the custody of the infants here involved previously awarded to respondent by the courts of Pennsylvania. While the best interests of the children is the ultimate controlling consideration, the Pennsylvania decree should be recognized unless there has been an extraordinary change in circumstances *(Matter of Metz v Morley,* 29 AD2d 462). Moreover, once custody is awarded it should not be shifted merely because the noncustodial parent has experienced an improvement in conditions, circumstances, status or character, unless the custodial parent is shown to be unfit (see *Schuler v Schuler,* 29 AD2d 669; *Matter of Wasserman,* 203 NYS2d 554). We find no basis on the instant record to disturb the Family Court's determination and, accordingly, its order should be upheld. Order affirmed, without costs. Sweeney, J. P., Main, Larkin, Herlihy and Reynolds, JJ., concur.