■ In the Matter of Susanne U. NN, Respondent, v Rudolf OO, Appellant.—Appeal from an order of the Family Court, Tioga County, entered February 28, 1975, which awarded sole custody of Sandrae OO and Marke OO to the petitioner. The petitioner, mother, and appellant, father, were married in 1964. Two children were born of the marriage; Sandrae, in 1966, and Marke, in 1968. In 1970, petitioner commenced an action for divorce in Michigan where the parties had been residing and in March of that year appellant was ordered to remove himself from the marital residence with custody of the children to be with petitioner. Appellant counterclaimed for divorce and in February, 1972 the Michigan court granted a divorce to appellant. The court ordered that in March, 1972 custody of the two children be given to appellant with petitioner having reasonable visitation rights. In December, 1972 appellant remarried. On February 12, 1973 petitioner remarried and commenced living in New York. On February 17, 1973 petitioner, without appellant's knowledge or consent, brought the children to New York. Upon her arrival she telephoned appellant and informed him that she had the children and was not planning to return them. Petitioner also refused to reveal her location. Appellant immediately began a diligent search for his children which lasted until December 5, 1973 when he discovered that they were in Owego, New York. On December 13, 1973 petitioner began this proceeding to gain legal custody of the children and, following a hearing, custody was awarded to her on February 26, 1975.

Petitioner, her present husband, and the two children have since moved to New Jersey while appellant still resides in Michigan. Although the question of custody is ordinarily a matter within the discretion of the trial court, which should not be disturbed as long as there is a sound and substantial basis for the determination *(Matter of Darlene T.,* 28 NY2d 391; *Matter of Kevin M. JJ v Alice A. JJ,* 50 AD2d 959), in the instant case we are presented with a custody award made by a Michigan court. A prior custody award made by a sister State should not be disturbed unless there has been an extraordinary change in circumstances which affects the health and welfare of the children *(People ex rel. Katherine "XX" v Lewis "ZZ",* 43 AD2d 196). Once there has been an award of custody, "it should not be shifted merely because the noncustodial parent has experienced an improvement in conditions, circumstances, status or character, unless the custodial parent is shown to be unfit" *(Matter of Conklin v Conklin,* 53 AD2d 788). The trial court specifically found that, in regard to the issues of custody and visitation, both of the parties hereto were fit parents and both had suitable homes. Our review of this record reveals no extraordinary change in circumstances affecting the health and welfare of the children *(People ex rel. Katherine "XX" v Lewis "ZZ", supra)* sufficient to disturb the Michigan award. The transformations which have occurred result almost entirely from the action of the petitioner in disobeying the Michigan order. If we were to allow such alterations, which are inevitable in cases in which there has been a *de facto* change in custody, to be determinative, noncustodial parents in foreign States would almost certainly be encouraged to remove their children to New York State, delay the litigation of the custody issue to the maximum possible extent and then seek to obtain custody on the basis of the changed circumstances. As stated by the Court of Appeals, "The rearing of a child requires greater stability than a roller-coaster treatment of custody" *(Dintruff v McGreevy,* 34 NY2d 887, 888). "The overriding consideration of the child's welfare dictates that a continual shifting back and forth of custody should be avoided whenever possible" *(Matter of Wout v Wout,* 32 AD2d 709, 710). To grant custody to the petitioner herein, without a showing of either an extraordinary change in circumstances or unfitness on the part of the appellant, would be in violation of this policy favoring stability in the lives of our children, as well as being contrary to the general rules of judicial comity. In the instant case, the record mandates a custody award in conformance with the award of the Michigan court. Order reversed, on the law and the facts, without costs. Kane, Larkin and Herlihy, JJ., concur; Greenblott, J. P., and Sweeney, J., dissent and vote to affirm in the following memorandum by Sweeney, J. We are unable to agree with the result arrived at by the majority and, therefore, dissent and vote to affirm. While we disapprove of the method employed by petitioner in obtaining possession of her children, we conclude that the paramount consideration, the best interest of the children, will be served by leaving them with petitioner (see. *Matter of Bennett v Jeffreys,* 40 NY2d 543; *Matter of Lang v Lang,* 9 AD2d 401, affd 7 NY2d 1029). The children have now lived with petitioner for a period of four years and the undisputed testimony demonstrates that they have a healthy and happy home life with petitioner and her husband. There is also testimony by a clinical psychologist that a change in the children's living situation would be disruptive and potentially damaging to them. Based upon the children's long-term residence with petitioner, at their particular ages, and the likelihood that a disruption of their present family environment would have an adverse effect upon them, we are of the opinion that the award of custody to petitioner constituted a

proper exercise of discretion. There is, in our view, a sound and substantial basis in the record for the determination and it should not be disturbed by this court.