■ In the Matter of Kevin L. Barkley, Respondent, v Susan C. Barkley, Appellant.—Appeal from an order of the Saratoga County Family Court, entered December 29, 1976, which granted custody of the parties' only child to petitioner. The facts are not in dispute. The parties were

married on May 4, 1974. Their son, Kevin, Jr., was born on May 6, 1975. The family resided in a rented trailer in Cozy Hollow Trailer Park, Galway, New York. The petitioner father was employed at the General Electric Company in West Milton, New York. The mother, shortly after Kevin, Jr.'s birth, accepted employment at Nicholas Department Store in Gloversville. On July 9, 1976 she left the trailer with her son and her personal possessions and moved in with her grandmother. On July 30 the father, while exercising an agreed-upon visitation right, failed to return the boy to the mother. This factual pattern obtained during the custodial hearing before the Family Court. At the conclusion of the custodial hearing commenced by the petitioner father by order to show cause pursuant to section 651 of the Family Court Act, the court found that neither parent was unfit; that the 14-month-old child was content and happy with either parent; that each parent had to provide third-party baby sitters while each worked; and, "on balance", that the best interests of the infant would be served by awarding custody to the father. The appellant mother argues that when all other considerations, "on balance", are not determinative, the court should award custody of a child of tender years to the mother. The law establishes that parents are joint custodians and guardians of their children (Domestic Relations Law, §§ 70, 240) and neither parent has a prima facie right to custody. In fact, there is no presumption in favor of awarding custody of young children to their mother (Matter of Vincent v Vincent, 47 AD2d 786). The best interest of the child is the court's primary concern (Matter of Lincoln v Lincoln, 24 NY2d 270), and that concern is best satisfied by a studied, thoughtful review of the hearing record by the trial court that leads to a determination based on sound discretion which, in turn, rests on a substantial evidentiary basis (Matter of Darlene T., 28 NY2d 391, 395; Matter of Kevin M. JJ. v Alice A. JJ., 50 AD2d 959, 960). Since there is no claim or proof that the petitioner father is unfit or is likely to become so, and, further, since the infant is happy and content in his present surroundings, we find no reason to order a different custodial arrangement. The child's welfare demands that a shifting of custody be avoided (People ex rel. Selbert v Selbert, 60 AD2d 692; Matter of Lang v Lang, 9 AD2d 401, affd 7 NY2d 1029). We conclude there was a sound and substantial basis for the determination of the Family Court. Order affirmed, without costs. Sweeney, J. P., Mahoney, Larkin and Mikoll, JJ., concur; Herlihy, J., dissents and votes to reverse in the following memorandum. Herlihy, J. (dissenting). The majority recite that the primary concern of the Family Court is the best interest of the child "and that concern is best satisfied by a studied, thoughtful review of the hearing record by the trial court that leads to a determination based on sound discretion which, in turn, rests on a substantial evidentiary basis". The supposed fulfillment of that test as affirmed by the majority herein is the finding of the Family Court: "While both parents would be able to raise the child in proper fashion, on balance custody of the child with the father would serve the best interests of the child." The Family Court made no finding as to what fact or facts would favor the father as opposed to its expressed finding that both parents were equally fit. The majority herein seem to make a new finding that the interests of the child showed that a "shift" of custody from the father to the mother would somehow be detrimental. There is no such proof in this record and the father's custody cannot be weighed in his favor. The record reveals that following the parents' separation, the father agreed that this 14-month-old infant should be in the custody of the mother with the father having visitation rights. Shortly after such agreement, the father while purportedly

exercising his visitation rights simply "snatched" the child. The custody herein by the father was not in violation of a court order (see *Matter of Nehra v Uhlar,* 43 NY2d 242, affg *sub nom. Matter of Susanne U. NN. v Rudolf OO.,* 57 AD2d 653), however, it was noted by the Court of Appeals in the *Nehra* case that abducting children is a humiliation of the custodial parent. The court expressly stated: "Priority, not as an absolute but as a weighty factor, should, in the absence of extraordinary circumstances, be accorded to the first custody awarded in litigation *or by voluntary agreement * * *.* Denigrated in rank, to some degree, should also be the natural or manipulated 'satisfaction' of young abducted children with the homes where they presently abide." (Emphasis supplied.) *(Matter of Nehra v Uhlar, supra,* p 251.) In this particular case if physical custody is to be given weight, it must be given in favor of the mother, and not in favor of the father. The majority reject any favorable or additional consideration for the mother as being the mother-parent. When this child was taken by the father, it was about 14 months of age and when the matter finally came before the Family Court he was about 18 months of age. Certainly, this was an infant of tender years and even with the passage of time for this appeal the infant remains but a babe. The Family Court and the majority herein find that both parties are equally fit. The record demonstrates that the actual custody by the father should not be given any weight in his favor and, of course, the best interest of the child does not show any real injury is likely to result if custody is moved to the mother. Under these circumstances, it is my opinion that to blindly apply a rule of equality is to ignore the best interests of the child. It is simply a matter of common every day experience that as a general proposition a 14-month-old child should and would receive the tender loving care that only a mother ordinarily would give in the face of any adversity. The father should have liberal visitation rights, taking into consideration in this case the propensity of the father to resort to self-help to further his own objective. No evidence was adduced which might tend to show that the mother would not give the ordinary maternal care to be expected and needed by an infant. In my opinion, there is no substitute for a mother-infant relationship under conditions such as here and the statutory "equity" of parents to custody does not prohibit granting that relationship weight in determining the best interests of the child (Domestic Relations Law, §§ 70, 240). The courts have long recognized the special relationship of mother and infant of tender years as requiring some consideration in favor of the mother (see, e.g., *Sheil v Sheil,* 29 AD2d 950) and this court has not rejected such concept *(Matter of Loretta Z. v Clinton A.,* 36 AD2d 995, 996) although we have emphasized that there is no *presumption* in favor of the mother *(Matter of Vincent v Vincent,* 47 AD2d 786). The order should be reversed and matter remitted to the Family Court with directions to grant custody in favor of the respondent Susan with such visitation rights as it may fix for the petitioner.