*535 OPINION OF THE COURT
Lawrence E. Kahn, J.
This motion is made by plaintiff Richard A. Rusin for an order pursuant to section 240 of the Domestic Relations Law modifying the directions contained in the final judgment entered in this action the 6th day of October, 1977 for the care, custody and control of Theresa Jean Rusin, the child of plaintiff and defendant, by directing that plaintiff father be entitled to sole custody and that defendant, Camille A. Rusin Lundberg, the mother, be entitled to visit the child at all reasonable times.
The parties hereto were married on May 25, 1968 and on August 12, 1976 entered into a separation agreement. On October 6, 1977 a judgment of absolute divorce was entered which incorporated the separation agreement into the divorce decree. The separation agreement states that "The parties share joint custody of their daughter Theresa; that the child reside with each party during the year; that there be broad visitation rights to the parent not having physical custody; and that, in the exercise of said visitation rights, there would not be any interference with the schooling of the child or with other prearranged appointments made for her benefit.” By this agreement, the plaintiff and defendant both agreed to share the responsibility of raising their child in a joint custody arrangement.
In this motion, the court is now being asked to revoke this joint custody provision in light of changed circumstances. The plaintiff asserts that joint custody is no longer feasible because defendant mother moved to Denver, Colorado. It’s plaintiff’s contention that joint custody can only function when both parties reside within the same geographic area. He argues that defendant’s moving out of State constitutes a substantial change in circumstances which warrant an abrogation of joint custody.
In opposition to the motion, defendant states that she moved to the State of Colorado on August 26, 1979 and is presently employed as a high school mathematics teacher in Denver. She further states that since moving to her present location, she has kept in frequent contact with her daughter by telephone, and has discussed schooling, religious instruction and various personal activities with her. These telephone contacts have been supplemented by personal correspondence. She indicates that she has made herself available at all times *536 to her former spouse and is prepared to closely consult with him regarding the proper development and personal happiness of their daughter. Additionally, she has indicated a willingness to provide for any additional expense which her moving to Colorado might cause plaintiff herein in relation to joint custody and visitation. She contends that her moving out of State should have no effect on their joint custody agreement.
The stated policy of this State has long been established that custody of children should remain constant and stable. Where an award of sole custody has been made, it will not be changed unless there has been a showing of a substantial change in circumstances which adversely affects the children and makes a change of custody necessary in their best interest, or unless it is shown that the custodial parent is unfit. (Schuler v Schuler, 29 AD2d 669.) It is also clear that the burden of establishing the substantial change of circumstances rests upon the party seeking the modification. (Dintruff v McGreevey, 42 AD2d 809, affd 34 NY2d 887.) The same standards must be applied to an award of joint custody. To hold otherwise, would be to decree that an award of joint custody is actually no award at all, for it could be changed at the whim of either parent.
This court finds that the movant has failed to establish a sufficient change in circumstances to warrant a modification of the award of joint custody. There is no proof submitted to this court to indicate that the joint custody arrangement has failed or has in any way adversely affected the child. (See Dodd v Dodd, 93 Misc 2d 641.) There has been no showing that defendant mother is anything but a loving, caring parent who seeks to continue to actively participate in the decisional aspects of rearing her daughter. Defendant’s moving out of State does not make her role as a joint custodial parent unworkable or unmanageable. No other facts are alleged other than the increase in the distance between defendant and her daughter. Mere miles in itself does not nullify the beneficial aspects of joint custody.
Physical possession and access to a child is not the nexus of joint custody. Joint custody encompasses far more than liberal visitation rights and physical possession of a child. It is a recognition by both parents that throughout the upbringing of their child, both shall share the full responsibility of parenting without one parent having higher custodial rights than the other. More important than the tangible terms spelled out *537 in such a custodial arrangement is the psychological and emotional aspects which clearly let children and parents know that while divorce ends the husband-wife relationship, it changes nothing in relation to the parent-child relationship. It is relevant to note that section 81 of the Domestic Relations Law specifically provides that married parents are joint guardians of their children "with equal powers, rights and duties in regard to them.” There is no reason why the purpose of this provision cannot be equally applicable to divorced parents and the parties herein explicitly subscribed to such a principle.
In the case at bar, since both mother and father have endorsed joint custody and have in fact successfully carried it forward until this proceeding, the court finds insufficient cause to nullify the joint custodial clause of their separation agreement. To hold otherwise would be to revert back to the more common one parent custody-one parent visitation arrangement and this would constitute a step backward and would not be in the best interest of the child. This court rejects plaintiffs argument that long distance communication will make it significantly more difficult for him to make decisions affecting the child’s immediate needs. A joint custodial arrangement does not mean that the one parent cannot handle any emergency situation on a moment’s notice without seeking the approval of the other. In joint custody, either parent has full authority to act as legal guardian for his or her child in any emergency situation. However, said parent having physical custody of the child has the obligation to consult with the other parent as soon as may be feasible under the circumstances regarding any major decisions relating to said child. Such decisions would include but not be limited to the child’s medical needs, schooling, religious training, extracurricular programs, summer camps and other similar activities which substantially bear on the growth and development of a child from infancy to adulthood.
Joint custody is an admirable concept which can give great strength to a child at a time when she most needs it. While still vague and undefined in the law, joint custody is being increasingly utilized by courts and divorcing partners as a method to best preserve the parent-child relationship. It minimizes the trauma of a divorce by preventing the apparent custodial victory of one parent over the other. The impact of the divorce on the child is thereby reduced.
Accordingly, the motion to modify the directions contained *538 in the final judgment of divorce entered in this action on the 6th day of October, 1977 for the care, custody and control of Theresa Jean Rusin, the child of the parties, is hereby denied.