*806 OPINION OF THE COURT
Renee R. Roth, S.
Incident to this application for the appointment of a successor custodian under the Uniform Gifts to Minors Act (UGMA), petitioner asks the court to dispense with notice to the natural mother of the infant donee.
The minor is under 14 years of age and has no legal guardian. His parents are divorced and have joint custody. His father has remarried.
In 1984, the donor, a friend of the stepmother, made a gift to the minor pursuant to UGMA (EPTL 7-4.1 et seq.). Over the years she has added additional gifts to the custodial account which now totals over $32,000. She named as custodian her business advisor, who has since died. Petitioner, a business associate of the original custodian, asks to be appointed successor (EPTL 7-4.7 [a], [d]). The donor and the infant’s father and stepmother have consented to her appointment. Petitioner has requested that the court dispense with notice to the natural mother because of the strained relations between her and her former husband.
The governing statute (EPTL 7-4.7 [f]) provides that notice shall issue "to such persons * * * as the court may require”. In contrast, the Uniform Rules for Trial Courts (22 NYCRR) § 207.49 (d) provides: "Unless otherwise ordered by the court, and unless such person or persons have joined in the application, notice of the application shall be served upon (1) such persons as are required to be served in a proceeding for the appointment of a guardian.” (Emphasis added.) (SCPA 1705 provides for notice to the parents of the minor.) Read literally the above rule does not give this court any discretion to dispense with notice. However, it would appear that the italicized word and was intended to be or. Furthermore, there is no question that these administrative rules cannot supersede a duly enacted statute of this State. In any event, section 207.1 (b) provides that "[f]or good cause shown, and in the interests of justice, the court in a proceeding may waive compliance with any of [these] rules”.
The factors that should be considered in appointing a successor custodian were discussed in Matter of Bushing (8 Misc 2d 755 [1957]), decided under a predecessor statute (Personal Property Law § 267 [4], as added by L 1956, ch 35, § 1, repealed by L 1959, ch 233, § 1, eff July 1, 1959). In holding that the proper inquiry is whether the granting of such an *807 application serves the best interest of the minor, Surrogate Bennett observed that the court would "ordinarily require that notice be served upon such persons as are served in a proceeding for the appointment of a general guardian, and the donor, if he is alive, and the guardian, if there is one, of the minor”. (Supra, 8 Misc 2d, at 759.) It is noted that in a proceeding for the appointment of a general guardian notice must be given to both parents (SCPA 1705 [1] [a]).
Petitioner, however, argues that current law differs from the statute construed in Bushing (supra). The statute in effect when Bushing was decided provided that a successor custodian could be appointed only by the court. This provision was a significant departure from the Model Act, drafted by the National Conference of Commissioners on Uniform State Laws, which provided for automatic succession of custodians under various circumstances. Surrogate Bennett concluded that the deletion of the automatic succession provision and the inclusion of a requirement of court approval were intended by our Legislature as a mandate that the court conduct an inquiry into whether the appointment of the nominated successor would serve the best interest of the minor.
When the statute was amended (Personal Property Law § 267 [4], added by L 1959, ch 233, § 2, amended by L 1966, ch 757, § 6, recodified as EPTL 7-4.6 [d] by L 1966, ch 952, amended by L 1967, ch 686, § 68, now EPTL 7-4.7 [d]), provision was made for automatic succession under several circumstances, namely if a custodian designates his or her successor, if a minor donee over age 14 designates a successor or if a minor donee has a legal guardian. Petitioner contends that the ease with which a successor custodian may now be appointed without court review suggests that notice should be limited when the persons appearing before the court can reasonably be expected to ensure the selection of an appropriate successor.
In other words, petitioner argues that since the custodian could have designated her as successor, and since the donor wishes her to act in such capacity, notice to the natural mother should not be necessary. Furthermore, the donor in her affidavit states that it is her "fervent desire” that the natural mother have no knowledge of the gift.
It is clear that the change in the law with respect to automatic succession of custodians resulted from a decision by the Legislature to reduce court supervision and interference *808 in the administration of UGMA funds (Matter of Levy, 97 Misc 2d 582; Million and Powers, Real and Personal Property, 34 NYU L Rev 1469, 1477-1478 [1959]; Newman, The Uniform Gifts to Minors Act in New York and Other Jurisdictions— Tax Consequences, Possible Abuses, and Recommendations, 49 Cornell LQ 12, 34 [1963]). But this legislative intent applies only to those instances where an UGMA successor custodian can automatically assume office without court endorsement and not where the law requires that the court appoint such successor. Once the court’s powers are invoked, well-established principles of law govern. A paramount consideration is whether the relief will serve the best interest of the minor (see, Matter of Michael B., 80 NY2d 299; People ex rel. Scarpetta v Spence-Chapin Adoption Serv., 28 NY2d 185; Matter of Baby Girl W., 151 AD2d 968, lv denied 74 NY2d 613). Additionally, absent special circumstances, both custodial parents have an equal right to be heard on matters that affect the welfare of their child (Rusin v Rusin, 103 Misc 2d 534; Odette R. v Douglas R., 91 Misc 2d 792). It is also observed that both parents have the statutory right to petition for an order directing a custodian to pay over or apply custodial funds where necessary for the minor’s support, maintenance or education (EPTL 7-4.4 [c]). Indeed, an emergency may arise in which the infant, while in the mother’s custody, requires immediate access to funds.
Based upon the foregoing, it is concluded that notice to a custodial parent is required unless petitioner can establish that such notice would be adverse to the infant’s interest.
Petitioner offers no reason why the minor’s best interest is not served by affording the cocustodial parent an opportunity to be heard. On the contrary, the arguments she makes to keep the mother ignorant of the UGMA account relate to the best interests of the infant’s father and stepmother and not to the best interest of the infant. Accordingly, petitioner is directed to give notice of this proceeding to the infant’s natural mother.