*340 OPINION OF THE COURT
Mary H. Smith, J.
It is ordered that this motion by respondent Mamaroneck Union Free School District for summary judgment dismissing this proceeding is hereby disposed of as follows:
Initially, the court notes that an attorney who is a party to a proceeding does not enjoy the privilege of using an affirmation. (See CPLR 2106; Seven Acre Wood St. Assoc. v Town of Bedford, 302 AD2d 511 [2d Dept 2003]; see also Slavenburg Corp. v Opus Apparel, 53 NY2d 799, 801 n [1981]; Matter of Flaton v Caso, 86 Misc 2d 695, 698 [Sup Ct, Nassau County 1976].) Pro se petitioner’s opposition is thus in improper form. Nevertheless, in the absence of an objection thereto by respondent, same has been read and considered.
Petitioner had commenced this CPLR article 78 proceeding seeking relief granting a permanent injunction enjoining respondent District from proceeding with educational, psychological and social testing of plaintiff’s minor son, Zachary, who recently has completed third grade, for alleged learning disabilities, which testing request had been initiated by the infant’s mother, Nadege Crespin.[1] Zachary’s parents unfortunately remain in disagreement on the issue of Zachary being evaluated by the District and of critical importance is the fact that neither parent heretofore has been given exclusive decision-making authority regarding Zachary’s education.
Presently, respondent District is moving for summary judgment dismissing this proceeding as a matter of law based upon alleged lack of subject matter jurisdiction due to petitioner’s failure to have exhausted administrative remedies and based upon a failure to state a cause of action. According to respondent, since administrative review procedures are available under the Individuals with Disabilities Education Act (IDEÁ), which statute identifies, locates and evaluates all children with disabilities residing within a school district’s boundaries (see 20 USC § 1400 et seq.), and petitioner has not properly pursued such remedies, this court lacks subject matter jurisdiction to entertain this proceeding. This court disagrees in this instance and, accordingly, the District’s dispositive motion is denied.
*341 As this court understands the matter before it, petitioner father had made clear in written correspondence to respondent District, dated on or about November 28, 2008, that he was adamantly opposed to Zachary undergoing testing regarding his possible need for special education services. This court is mindful that it had been Zachary’s mother — not Zachary’s teacher or the District — who had initiated the request for testing.[2] Consequently, the District was placed in the untenable situation of being statutorily required, pursuant to Zachary’s mother’s request, to pursue appropriate evaluation of him,[3] while at the same time being refused permission to so proceed by Zachary’s father.
It appears from the record at bar that petitioner had been apprized of Ms. Crespin’s request that Zachary be tested and that he thereupon had received from the District a copy of the procedural safeguards notice and a copy of the parent guide to special education. While neither of these documents has been included in the record at bar, respondent’s counsel states in respondent’s memorandum of law that these documents included notice to petitioner regarding his right to request an impartial due process hearing. Having failed to do so, it is *342 respondent’s argument that petitioner is now precluded from bringing this proceeding.
There exists both a federal and a state statutory scheme which generally require that all school age children receive appropriate public education to meet their specific learning needs. Respondent, for the most part, has referred to the federal statute in making its argument and it is not apparent to what extent the two schemes overlap.
While it previously has been held that actions brought under the IDEA generally must adhere to the exhaustion requirement[4] (see e.g. Heldman on Behalf of T.H. v Sobol, 962 F2d 148, 158 [2d Cir 1992]; Hope v Cortines, 872 F Supp 14 [ED NY 1995], affd 69 F3d 687 [2d Cir 1995]), those cases universally appear to involve review of the determinations as to whether a child’s disability has been properly identified, the type of educational resources to be made available and the individual education plan (IEP) that properly should be implemented. Indeed, recently, our Court of Appeals has held that “[a] ‘parent’ who is dissatisfied with an IEP ‘may file a complaint with the state or local educational agency,’ to be resolved through a due process hearing.” (Fuentes v Board of Educ. of City of N.Y., 12 NY3d 309, 313 [2009].) This line of cases, however, is wholly separate and apart from the issue presented at bar. While respondent argues that this proceeding must be dismissed because petitioner has failed to pursue his administrative remedies, a careful reading of respondent’s submissions makes clear that respondent has failed to specifically identify what is the administrative review process under IDEA that petitioner had been required to pursue to prevent his son’s testing in the first instance. Indeed, respondent states, without referencing any statutory authority, that “administrative procedures are available to review petitioner’s challenge of the CSE’s intent to evaluate Zachary for the possible presence of an educational disability” (mem of *343 law at 7), but then it references only statutes and regulations which afford certain procedural safeguards during and after the evaluation process.
As this court reads the IDEA, upon petitioner’s objection to his son being tested, it had been incumbent upon respondent District, not petitioner, to have initiated proceedings before an impartial hearing officer to determine whether an evaluation of Zachary over petitioner’s objection nevertheless should take place. (See 20 USC § 1414 [a] [1] [D] [ii] [I]; Durkee v Livonia Cent. School Dist., 487 F Supp 2d 313, 316 [WD NY 2007].) The District, however, never pursued this, and it fails herein to address this statutory requirement and specifically its failure to have done so. It would be fundamentally improper for this court to agree with respondent that this proceeding must be dismissed based upon petitioner’s failure to have pursued and exhausted his administrative remedies under the IDEA when petitioner not only had not been properly apprized of available review remedies under the IDEA with respect to his objection to Zachary being evaluated and tested, but respondent clearly did not fulfill its statutory duty and had failed in the first instance to properly initiate having the issue of petitioner’s objection to the testing addressed by a hearing officer.
Nor does respondent’s motion fare any better under a state statutory analysis. The Education Law has implementing regulations which state that either a “parent or school district may file a due process complaint with respect to any matter relating to the identification, evaluation or educational placement of a student with a disability, or a student suspected of having a disability, or the provision of a free appropriate public education to such student.” (8 NYCRR 200.5 [i] [1].) The Education Law also sets forth an appeal procedure where “the parent . . . of a student. . . presents a complaint with respect to any matter relating to the identification, evaluation or educational placement of the student.” (Education Law § 4404 [1] [a].) In such circumstance,
“the board . . . shall appoint an impartial hearing officer to . . . preside over an impartial due process hearing and make a determination . . . provided that the board of education or trustees shall offer the parent . . . the option of mediation pursuant to section forty-four hundred four-a of this article as an alternative to an impartial hearing.” (Id.)
Section 4404-a of the Education Law, embodying the mediation program alternative, provides in pertinent part that
*344 “[t]he board of education or trustees of each school district shall inform parents ... of students with disabilities of the availability of the mediation program to resolve complaints regarding the education of a student with a disability at the same time notice of the availability of the impartial hearing procedures is provided to such parents” (Education Law § 4404-a [2] [emphasis added]).
Even a cursory reading of the foregoing statutes makes clear that the availability of an impartial hearing or the mediation program presupposes that the child already has been tested for a disability pursuant to statute and thereupon found to be disabled. The statute does not address what is to transpire in the circumstance where the child has yet to be identified as a child in need of special education services and a parent refuses to give permission for such testing to proceed.
Notably, even were this court to assume that the foregoing does establish a hearing procedure with respect to the initial identification of a student in need of special education services insofar as 8 NYCRR 200.5 (i) (1) states that a “parent. . . may file a due process complaint with respect to any matter relating to the identification,” clearly the record before this court establishes that petitioner had put in writing a detailed notice of bis complaint regarding the proposed testing, which objection had triggered the duty of the board of education to “immediately” appoint an impartial hearing officer and “arrange for an impartial due process hearing to be conducted.” (See 8 NYCRR 200.5 [j] [3].) The District, without explanation, had failed to so act.
The court further observes that respondent states in its moving papers that petitioner had been apprized that the matter would proceed to a mediation process,[5] but that petitioner then had initiated the instant legal proceeding, implying that his doing so had preempted the mediation. Aside from the fact that this court does not find any statutory authority for respondent’s claim that this matter properly should have proceeded to mediation, the court notes that the state statutory alternative mediation process is one which respondent would had to have initiated and it apparently also never had proceeded with same. While this court had issued a temporary restraining order on *345 January 14, 2009, enjoining the District from performing any educational, psychological or social testing upon Zachary without petitioner’s written consent thereto, on its face, such order did not preclude the District from pursuing a mediated resolution to the dispute (or even a hearing), and yet it appears that for the past five months the proposed mediation (and hearing) has not been pursued.
Again, this court cannot find, as urged by respondent, that this court is without jurisdiction to entertain the proceeding because petitioner has failed to exhaust administrative remedies where, under state law, applicable administrative remedies simply have not been shown to exist and/or it has been demonstrated that respondent had failed to fulfill its statutory duties to initiate the process.
Nor does this court agree with respondent that dismissal is required because petitioner has failed to state a cause of action. Courts long have recognized parents’ equal rights to have a voice in their children’s education, in the absence of contrary judgments or separation agreements giving one parent exclusive authority. (See Fuentes v Board of Educ. of City of N.Y. at 313, citing Weiss v Weiss, 52 NY2d 170, 177 [1981, Meyer, J, concurring].) There is nothing in the record before this court that establishes any special or compelling circumstance which requires that petitioner’s wishes with respect to his child not being evaluated be disregarded (see Matter of Deeds, 156 Misc 2d 805 [Sur Ct, NY County 1992]), which conclusion necessarily is buttressed by the inescapable fact that it had not been Zachary’s teacher or the District which had initiated the evaluation. It is not for this court, in the context of this motion, to adjudicate the issue of the appropriateness of petitioner’s position, but the court parenthetically notes that petitioner has made some compelling arguments against having his son tested.[6]
Finally, the court does not find that this proceeding properly has been stated as an article 78 proceeding since none of the questions to which such a proceeding are limited are presented. (See CPLR 7803.) Accordingly, the court sua sponte converts this proceeding to a plenary action. (See CPLR 103; Price v New *346 York City Bd. of Educ., 16 Misc 3d 543 [Sup Ct, NY County 2007]; cf. Manshul Constr. Corp. v Board of Educ. of City of N.Y, 154 AD2d 38 [1st Dept 1990].)

. By decision and order dated January 14, 2009, this court had ordered Ms. Crespin, whom it had found to be a necessary and indispensable party, to be made a party herein. It is not clear from the record at bar whether petitioner and Ms. Crespin are married.

. The record at bar establishes that Zachary recently had achieved “well above the target range” in every area of state performance testing, that he is meeting the learning standard with distinction, that he has not presented as having disciplinary issues and that Zachary’s teacher had not identified him as a child in need of special education testing or resources. In her February 19, 2008 letter addressed to the principal of Zachary’s school, Ms. Crespin had identified herself as Zachary’s parent and stated that he has “been struggling with his work” and that she is “concerned about some learning difficulties.” She had requested that he “be evaluated to give him the support he might need.”

. Section 4401-a (1) of the Education Law, as amended, provides for the referral and evaluation for special education services or programs and states that
“[a]ny student suspected of having a disability may be referred for initial evaluation to determine if the student is a student with a disability by the parent or person in parental relation, the commissioner or a designee of a public agency responsible for providing education to students with disabilities, including but not limited to the school district in which the student resides. In addition, a professional staff member of the school which the student attends or professional staff member of the school district in which the student resides, physician, judicial officer, professional staff member of a public agency, or the pupil himself or herself if such pupil is eighteen years of age or older or is an emancipated minor may request that the school district in which the student resides refer the student for initial evaluation.”

. 20 USC § 1415 (l) provides: “Nothing in this chapter shall be construed to restrict or limit the rights, procedures, and remedies available under the Constitution, the Americans with Disabilities Act of 1990 [42 USC § 12101 et seq.], title V of the Rehabilitation Act of 1973 [29 USC § 790 et seq.], or other Federal laws protecting the rights of children with disabilities, except that before the filing of a civil action under such laws seeking relief that is also available under this subchapter, the procedures under subsections (f) and (g) of this section shall be exhausted to the same extent as would be required had the action been brought under this subchapter.”

. Actually, the only reference to this proposed mediation appears in Assistant Superintendent Minotti’s November 24, 2008 letter to petitioner, which was annexed as an exhibit in respondent’s moving papers.

. Petitioner has stated his concerns, supported by growing literature, including congressional reports, as to inappropriate overtesting and overmedication, particularly of boys, the dangers of misdiagnosis, the engendering of feelings of inadequacy in his son by virtue of his undergoing the testing and the stigmatizing record of disability testing which would continue to follow his son throughout his education.