[No. 720.   January 11, 1898.]

## THE DENVER & RIO GRANDE RAILROAD COMPANY, Plaintiff in Error, v. THE UNITED STATES OF AMERICA, Defendant in Error.

WRIT OF ERROR—ABSENCE OF BILL OF EXCEPTIONS—MOTION TO DISMISS WRIT—SUFFICIENCY.—It is no ground for the dismissal of a writ of error, that, the assignments of error being based upon alleged errors occurring during the trial, and none upon the record proper, there is no bill of exceptions upon which they can be based. In Rogers v. Richards, 8 N. M. 658, and in Insurance Co. v. Walker, decided at this term, this court, in effect, held the absence of a motion for new trial to be the absence of a bill of exceptions, but in neither case ruled that the writ of error should be dismissed.

ID.—BILL OF EXCEPTIONS—SUFFICIENCY.—Where a bill of exceptions recited that it contained certain things, including "the notes of the testimony of witnesses, as taken down by counsel," at the trial, though it did not contain all the evidence introduced on the trial; and the certificate of the trial judge recited that the bill was "signed, settled and sealed as a bill of exceptions, and made part of the record in the cause,"—Held: That it was sufficient.

*Error*, from a judgment for plaintiff, to the First Judicial District Court.   Motion to dismiss writ of error.   Overruled.

WOLCOTT & VAILE, and E. L. BARTLETT and WILLIAM W. FIELD for plaintiff in error.

A bill of exceptions is not required to contain all the evidence, but only so much thereof as is pertinent to the rulings which the plaintiff in error seeks to have reviewed, and as is necessary to enable the appellate court to fully understand the circumstances and conditions under which each particular ruling was made.   Laws, N. M. 1889, chap. 1, sec. 3; Witt v. Cuenod, decided October 2, 1897.   See, also, Ironwood Store Co. v. Harrison, 75 Mich. 197; Snyder v. Moon, 49 Pac. Rep. 327; Stout v. Woods, 79 Ind. 108.

W. B. Childers, United States district attorney, and Andrieus A. Jones, special assistant United States attorney, for the United States.

None of the instructions given or refused are based upon any of the documentary evidence, but upon the testimony of witnesses. It is not certified that any of the testimony appearing in the transcript is accurate, nor that it contains all of the testimony upon any given proposition; and, so far as these instructions are concerned, the record is in precisely the same condition as if no bill of exceptions had been filed. This court can not consider the exceptions of counsel to the giving or refusing of these instructions. Worthington v. Mason, 101 U. S. 149; United States v. Watts, 1 N. M. 561. See, also, 3 Ency. Pl. and Prac. 420, note; Russell v. Ely, 2 Black 580; Martin v. Force, 3 Colo. 200; Porter v. Walker, 1 Ia. (Cole) 456; Potter v. Wooster, 10 Ia. 335; Richards v. Fanning, 5 Ore. 362; State v. Lee Yan Van, 10 Id. 367; Craig v. Young, 2 Colo. 113; McGavick v. Ward, Tenn. (Cook) 405; Brown Bros. & Co. v. Forrest, 1 Wash. 203; Railroad Co. v. Wagner, 19 Kan. 339; Commonwealth v. Arnold, 161 Pa. St. 320 (29 Atl. Rep. 270).

In the certificate of the trial judge it is stated that the bill of exceptions does not contain the objections of counsel to the evidence, nor the rulings of the court thereon. Though improper evidence may appear in a case, unless timely and proper objections are made to its introduction, the admission of such evidence is not error. Maxwell Land Grant Co. v. Dawson, 7 N. M. 133.

The court can not determine whether the books were proper evidence or not, unless they are made a part of the record in this case by a bill of exceptions. Sewell v. Eaton, 6 Wis. 490.

SMITH, C. J.—The motion to dismiss the writ of error is upon the ground, in effect, that the assignments of error being all based upon alleged errors occurring during the trial,

and upon the record proper, there is no bill of exceptions here

upon which these assignments can be based.

ABSENCE of bill of exceptions: motion to dismiss writ of error: sufficiency.

At this term this court did, in the case of Insurance Co. v. Walker, upon motion, strike out the bill of exceptions; and afterwards, the cause coming up for a hearing, there was an affirmance of the judgment of the lower court because there was no error in the record proper.   In the case of Padilla v. Territory (N. M.) 45 Pac. Rep. 1120, there was affirmance because there was no exception saved upon the trial of the case in the lower court, and the record proper supported the judgment of the lower court.   In Rogers v. Richards, 47 Pac. Rep. 719, there was no assignment of error, except upon the giving and refusing of instructions; and we held there was nothing before the court for review, because there was no motion for a new trial.   The absence of a motion for new trial was, in effect, held in Insurance Co. v. Walker and Rogers v. Richards, supra, to be the absence of a bill of exceptions, but in neither was it ruled that the writ of error should be dismissed.   The motion to dismiss the writ of error should therefore be overruled.

Counsel have, however, discussed the various assignments of error, to ascertain how they are separately affected by the state of the record.   It appears that all of these assignments are upon errors alleged to have occurred upon the trial of the case, no point being raised upon the record proper; and, if

there is nothing here to be considered as a bill

WRIT of error: bill of exceptions: sufficiency.

of exceptions, they would, of course, fall to the ground.   Defendant in error contends that this bill is, in effect, no bill of exceptions, because it affirmatively shows that it does not contain all the testimony introduced upon the trial, and that it does not show, either affirmatively or presumptively, that all of the evidence sufficient for the determination of any or either of the errors assigned is in the transcript.   This bill of exceptions is claimed to be good under the provisions of the act of 1889, chap. 1. "An act with reference to practice in the supreme court and other purposes," the purpose and scope of which we had occasion

to consider in the case of Witt v. Cuenod, 50 Pac. Rep. 328; that being an equity case, on appeal in which there was not,nor required to be, a bill of exceptions.   In such a case it could not be claimed, if all the testimony was not sent up, that error dependent upon a question of fact would affirmatively appear, so as to overcome the presumption of correctness in the decision of the lower court, and so we held.   A distinction is claimed to exist, however, in a law case, by the fact of the bill of exceptions being settled by the trial judge.   It is said that the settling of such a bill is an affirmative statement of the trial judge that all of the evidence necessary to a review of the cause is found in the bill.   This position we believe to be true, so far, at least, as applied to assignments of error on grounds stated in the motion for new trial, if the certificate of the trial judge is in general terms, and it does not appear on the face of the bill itself that evidence necessary for consideration of the error assigned has been omitted.   Thus, we held at this term, in the case of Mining Co. v. Hendry, 50 Pac. Rep. 330, that we could not consider the instruction of the trial judge to assess plaintiff's damages at a given sum, because the transcript showed that the evidence upon which the instruction was given was omitted from the record.   The certificate of the judge settling the bill of exceptions in this case is not in ordinary or general form.   It does not specifically say that the bill contains all the evidence necessary for a review of the cause, nor does it say it was insufficient for such review. It is even contended by counsel for the defendant in error that the certificate does not show that the bill contains, in any true sense, the testimony, or any part of it, given upon the trial.   Let us look at the certificate.   It recites that the foregoing pages contain certain described stipulations, acts of congress, appointment of an agent of defendant, requested instructions, instructions given, exceptions to instructions, motion for new trial, and "also the notes of the testimony of witnesses, as taken down by counsel for said defendant upon the trial of said cause; but the same does not contain all the evidence introduced upon the trial of said cause, nor the objections of

counsel thereto, nor the rulings of the court thereon; also, the objections, amendments and motions of plaintiff regarding the proposed bill of exceptions offered by the defendant." The certificate then closes as follows: "And because the foregoing matters are not a part of the record in said cause, and the said defendant having applied to the court to sign, settle and seal the same as a bill of exceptions, and thereby be made a part of the record in said cause. It is therefore considered and adjudged by the court that the foregoing be, and is hereby signed, settled and sealed as a bill of exceptions, and made a part of the record in said cause." We had occasion, in Rogers v. Richards, supra, to define a "bill of exceptions;" and, speaking of what it should embrace, we said, among other things, that it "should contain all evidence necessary to an understanding of the exceptions," and, we perhaps should have added, "and a review thereof." To "settle a bill of exceptions" would not mean to approve, as occurring on the trial, something merely claimed to have so occurred, but to do so is for the judge to assert officially that it did occur. Therefore we take it that the judge has, by settling this bill of exceptions, and by order judicially making it "a part of the record in said cause," declared that "the notes of the testimony of witnesses, as taken down by counsel," was the testimony given on said trial. What effect has the statement made by the judge that "the bill does not contain all the evidence introduced upon the trial?" We do not see that it has any effect, as disparaging the sufficiency of what he has approved as a bill of exceptions. The judge had a right and a duty to settle the bill of exceptions. To "settle" means to approve; and if, on the face of the settled or approved bill of exceptions, it does not affirmatively appear that there is omitted evidence necessary for a determination of the error assigned, it should be held sufficient. Does this bill of exceptions show that it is insufficient for review of the errors? As to this we will content ourselves with saying that some of the alleged errors, at least, may certainly be reviewed; and we will permit such

contention to be made as counsel are advised on this subject on the argument of the cause on its merits. The motion to dismiss is overruled.

Hamilton and Bantz, JJ., concur.