466 P.2d 554

**Sandra Estelle GARCIA, Plaintiff-Appellee,**

**v.**

**John Anthony GARCIA II, Defendant-Appellant.**

**No. 8840.**

Supreme Court of New Mexico.

March 16, 1970.

Modrall, Seymour, Sperling, Roehl & Harris, Peter J. Adang, Albuquerque, for appellant.

Poole, Tinnin & Danfelser, Willard F. Kitts, Albuquerque, for appellee.

## OPINION

MOISE, Chief Justice.

We are here called upon to review a court order entered January 7, 1969, modifying an earlier order entered December 23, 1968, altering the custody rights of parents with reference to their two minor children, ages five and three at the time the orders were entered.

The parties were divorced in January, 1967, and the custody of the minor children was awarded to the mother (appellee), with visitation rights in the father (appellant). He was required to make monthly payments of $150.00 for the support of the children.

On July 18, 1968, a petition was filed by the father seeking the full custody of the children or, in the alternative, that the father's visitation rights be increased so that custody would be in him for at least one-half of each year. The December 23, 1968, order followed. By its terms custody was continued in the mother, with visitation rights of the father enlarged somewhat, and specified in considerable detail. Support payments were left unchanged and certain orders were promulgated concerning conduct of the parties toward each other and toward the children. This was followed on January 3, 1969, by a petition by the father for modification of the December 23 order so that he be given full custody subject to visitation rights in the mother because she had remarried and was about to move to California and take the children with her, whereby the father would be deprived of his visitation rights previously adjudged by the court. On January 7, 1969, after "having heard the testimony of both the petitioner (husband) and respondent (wife)" and the "representation and arguments of counsel," the court entered an order by the terms of which the wife was permitted to retain custody of the children and take them with her to California subject to the right of the husband to visit them there. In addition, the husband was to have them with him in New Mexico for a six-week period each summer and for alternate Christmas and Easter holidays, with the requirement that the father pay all costs of transportation for the children between California and New Mexico.

■ Before reaching the arguments advanced by appellant, we must dispose of a motion to dismiss the appeal because of the absence of a bill of exceptions. There can be no question that the absence of a bill of exceptions forecloses any attack on the findings made by the trial court, and we are bound by such findings. In re Guardianship of Caffo, 69 N.M. 320, 366 P.2d 848 (1961); Armijo v. Shambaugh, 64 N.M. 459, 330 P.2d 546 (1958). However, we do not understand that a dismissal of the appeal is required because of this fact. See Denver & Rio Grande Railroad Co. v. United States of America, 9 N.M. 309, 51 P. 679 (1898); Weaver v. Fickett, 196 Cal. 401, 238 P. 87 (1925); Putnam v. City of Salina, 136 Kan. 637, 17 P.2d 827 (1933). Appellant may, nevertheless, argue legal issues, as, for example, that the findings as made do not support the conclusions of law adopted or the judgment based thereon. Household Finance Corp. of Seattle v. Williams, 66 Wash.2d 183, 401 P.2d 876 (1965); Hoffee v. Salem Yellow Cab Co., 222 Or. 437, 353 P.2d 226 (1960). The motion to dismiss will be denied, but appellant will be bound by the findings as made by the trial court, and will be restricted to legal arguments based thereon.

Appellant predicates his first point on claimed error of the trial court in authorizing removal of the children "in the absence of *evidence* showing that such removal was in the best interests of the children and merely for the convenience of appellee and her present spouse." However, because there is no bill of exceptions,

the argument must be limited to a question of whether there was absent an indispensable finding to support the court's conclusion that it was in the best interests of the children that their mother (appellee) have the principal custody and that they be permitted to be removed to California to be with her.

Appellant's argument proceeds on the theory that the only specific reason found for removal to California is one of convenience to the parent having the custody as opposed to the interests of the children and is accordingly not proper. However, the court did clearly find that the best interests of the children would be served by being kept in the mother's custody. We do not perceive that anything more was required. Kotrola v. Kotrola, 79 N.M. 258, 442 P.2d 570 (1968); Ettinger v. Ettinger, 72 N.M. 300, 383 P.2d 261 (1963). Further, we do not agree that the fact the parent with custody is a non-resident or about to become one, for whatever reason, alters the universal rule that the best interests of the child are paramount; that if those interests are best served by being with the mother, even though outside this jurisdiction, removal should be permitted. Urzua v. Urzua, 67 N.M. 304, 355 P.2d 123 (1960). See Annots., 15 A.L.R.2d 432; 154 A.L.R. 552. In Urzua it is stated that permission to remove should be granted in those circumstances where it is clearly apparent that the best interests of the child will be subserved thereby. There is nothing in the instant case indicating any departure from this rule.

We fully appreciate that the court did not render a specific finding to the effect that the removal to California was in the best interests of the children. The court was fully aware that the mother was moving to California, yet it did not find that the children's best interests were injured by that fact. On the contrary, the court found that, even in light of such a move, it was in the best interests of the children that principal custody remain in the mother. By necessary implication, this means that it was in the best interests of the children to be in California in order to be in the custody of their mother. Therefore, the situation is not one of permitting the children to accompany the mother on a move made solely for her convenience and without regard to the best interests of the children. The judgment of the court is thus supported by the findings of fact. The lack of certain specific phrases of art, which the appellant claims are required, in no way detracts from the support of that judgment.

The proof not being before us, we are bound by the findings of the court with reference to the best interests of the children, and since appellant made no request for findings specifically concerning the interests of the children as distinct from the mother's convenience, now claimed to be imperative, he is equally foreclosed. Rule 52(B) (a) (6) (§ 21-1-1(52) (B) (a) (6), N.M.S.A.1953). See Hamilton v. Woodward, 78 N.M. 633, 436 P.2d 106 (1968); Davis v. Davis, 77 N.M. 135, 419 P.2d 974 (1966). Accordingly, the cases relied on which announce such a rule are of no aid to him.

Appellant's problem is no different when we come to a consideration of his additional two points. In the first, he complains that the court erred in reducing his rights when the only issue before the court was his petition to enlarge his rights because it had developed that appellee was moving to California. He relies upon Tuttle v. Tuttle, 66 N.M. 134, 343 P.2d 838 (1959), where we held that modification of a decree could only be had after a hearing where the question of change of circumstances was an issue and all interested parties had an opportunity for a full hearing. That was the holding in Bell v. Odil, 60 N.M. 404, 292 P.2d 96 (1956), which was relied on in Tuttle v. Tuttle, supra. We see no departure here from the rule announced in those cases. The hearing was on appellant's motion to modify his custody

rights in view of appellee's planned move to California. Both parties were before the court on that issue. Even though appellee had filed no petition seeking a change in the custody order, the question of its continued pertinence and validity were clearly before the court, and we must assume the issue was fully litigated. Appellant having failed to request findings, as on his first point, we may not consider issues not shown by the record to have been presented and passed on by the trial court. Such a question cannot be presented to this Court unless raised in the court below. Supreme Court Rule 20 (§ 21–2–1(20), N.M.S.A. 1953); Barnett v. Cal M, Inc., 79 N.M. 553, 445 P.2d 974 (1968). Even beyond this, we cannot believe that a petitioner could prevent a trial court, which acts as "parens patriae" in such proceedings, Ettinger v. Ettinger, supra, from ordering what appeared to be best for the children after hearing proof presented on that issue, regardless of the relief sought by the moving party. Even if the rule were otherwise, we certainly would not find a court in error in its decision when we have no bill of exceptions or requested findings and conclusions.

Appellant lastly complains of the requirement that he pay all costs of transportation between New Mexico and California when he has the custody of the children. His position is no better here than in his other arguments. Even conceding that determinations of financial ability must be based on the proof, where we have neither a bill of exceptions or requested findings, we are in no position to overturn the finding concerning payments here complained about. See § 21–1–1(52) (B) (a) (6), supra; In re Guardianship of Caffo, supra; Chavez v. Chavez, 54 N.M. 73, 213 P.2d 438 (1950).

No reversible error having been established, the judgment of the trial court is affirmed and the cause remanded to the trial court. On remand, the trial court is directed to make a reasonable allowance to appellee for attorney fees on appeal. § 22–7–6, N.M.S.A.1953.

It is so ordered.

COMPTON and WATSON, JJ., concur.