727 P.2d 91

**Lora Jean SEELEY, Formerly, Lora Jean Jaramillo, Petitioner-Appellee,**

v.

**Mike R. JARAMILLO, Respondent-Appellant.**

No. 8851.

Court of Appeals of New Mexico.

Sept. 30, 1986.

Stephen Bridgforth, Sage, Beal, Bridgforth & Beal, P.C., Las Cruces, for petitioner-appellee.

Beverly J. Singleman, Martin, Cresswell, Hubert & Hernandez, P.A., Las Cruces, for respondent-appellant.

## OPINION

DONNELLY, Judge.

The father, Mike R. Jaramillo, appeals from an order of the trial court transferring the physical custody of a minor daughter from himself to the child's mother, Lora Jean Seeley. Two issues are raised on appeal: (1) whether there was substantial evidence to support the trial court's finding of a material change of circumstances warranting a change of custody; and (2) whether the trial court erred in modifying child custody by applying the "tender years doctrine" and a preference based upon gender. We reverse and remand.

The parties were divorced in March 1983. The final decree provided that the parties were awarded joint custody of their minor daughter, age two, invested the father with primary custodial care of the child, and ordered the mother to pay child support in the amount of $75 per month, and one-half of all medical and dental costs for the child.

In April 1984, the mother moved to modify the decree to transfer custody of the child to her. The father responded, claiming there was no material change in circumstances, and sought an increase in child support and specific dates and times for the exercise of visitation rights. Following a hearing on the motion for modification, the trial court entered a decision adopting a single finding of fact that the circumstances of the parties and the minor child had materially changed and transferred primary custody of the child to the mother. In *Jaramillo v. Jaramillo*, 103 N.M. 145, 703 P.2d 922 (Ct.App.1985), this court remanded for the adoption of additional findings of fact as required by NMSA 1978, Section 40–4–9.1 (Repl.Pamp.1983), delineating the reasons for modification of custody.

Thereafter, the trial court adopted an amended decision finding:

1. That since the entry of the Final Decree of Dissolution of Marriage herein, the [father] has properly and adequately cared for the minor child of the parties.

2. That since the entry of the Final Decree of Dissolution of Marriage herein, the [father] and the minor child of the parties had been living with a male roommate, and subsequently moved in with the [father's] sister.

3. That since the entry of the Final Decree of Dissolution of Marriage herein [the mother] has remarried and has established a stable home environment.

4. That the [mother's] situation with regard to the care of the minor child of the parties is now more stable than it was at the time of the entry of the Final Decree of Dissolution of Marriage * * * and is now more stable than the [father's] situation in such regard now is.

5. That said child is still of tender years.

6. That said child is of the same sex as that of the [mother].

7. That the circumstances of the parties and their minor child pertaining to the custody and support of said minor child have materially changed since the entry of the Final Decree herein.

## SUFFICIENCY OF EVIDENCE & VALIDITY OF CUSTODY AWARDS BASED ON GENDER OF PARENT

We consider jointly, the father's two points raised on appeal.

The father asserts that the trial court's order changing primary custody of the child of the parties to the mother was not supported by substantial evidence. We agree.

The evidence adduced at trial indicated that at the time of the divorce of the parties, the mother obtained a default decree of divorce and consented to place primary custody of their two-year-old daughter with the father. Shortly thereafter, the mother began living with another man. Approxi- mately a year later, the mother married that man and initiated proceedings to obtain primary custody of her daughter.

After the mother sought modification of custody, the father changed residences, moving with the child into the mobile home occupied by his sister. At the time of the hearings on the motion for modification, the father was a student at New Mexico State University and the mother was working as a secretary. At the hearing below, the father testified that he worked in the evenings a few times each month, and that he had obtained a student loan and a financial grant, permitting him to reduce his work hours.

Under NMSA 1978, Section 40-4-7 (Repl. 1986), child custody may be modified only upon a showing of a substantial change of circumstances occurring subsequent to the entry of the decree of divorce affecting the best interests and welfare of the child. *See also* § 40-4-9.1. The burden of proof is upon the party requesting modification. *Edington v. Edington,* 50 N.M. 349, 176 P.2d 915 (1947). On appeal, in determining whether the trial court's findings of fact are supported by substantial evidence, a reviewing court resolves all disputed facts and indulges in all reasonable inferences in favor of the successful party and disregards all inferences to the contrary. *Lahr v. Lahr,* 82 N.M. 223, 478 P.2d 551 (1970). In *Schuermann v. Schuermann,* 94 N.M. 81, 607 P.2d 619 (1980), the court reiterated the rule that in proceedings seeking modification of child custody, the controlling consideration focuses upon the child's best interest and welfare. *See also* NMSA 1978, § 40-4-9 (Repl.1986).

Here, the evidence indicated that at the time of the hearing, the mother had remarried and moved into a three-bedroom home. The father, who had been sharing a one-bedroom apartment with a roommate, moved with the child into a three-bedroom mobile home with his sister. The father was enrolled as an engineering student at New Mexico State University and attended classes and worked during the week, leav-

ing the child with a babysitter. The mother was employed full-time as a secretary during the week and testified that because of her work schedule, she too would have to leave her daughter with a babysitter during workdays.

Dr. Ross Easterling, a clinical psychologist, by stipulation of the parties, interviewed both parents and the minor child. Dr. Easterling testified that he found both the mother and father to be fit parents, that the existing custodial arrangements had not adversely affected the child, that developmentally the child appeared to be normal, and that the child displayed no behavioral or psychological problems. Dr. Easterling testified that despite the fact that the child had no apparent psychological problems as a result of living with her father, nevertheless, due to her sex and age, the child should be with the mother in order to have an appropriate female role model. Dr. Easterling also stated that he felt that the mother's remarriage would serve to provide a more stable home for the child than that provided by a single parent.

In *Merrill v. Merrill*, 82 N.M. 458, 483 P.2d 932 (1971), the supreme court reversed an order of the trial court which modified child custody from the mother to the father, holding that where the custodial parent was otherwise shown to be a fit parent, evidence that, *among other things*, one parent had remarried or could thereby offer a stable home with two parents, did not constitute a sufficient change in circumstances to warrant a change in child custody.

In the present case, the changed circumstances consist of the mother's remarriage and move to a three-bedroom home, the mother's improved financial status, the father's reduction of his work hours and move to a mobile home with his sister, and the child's increase in age. The mother testified that she had few problems with exercising scheduled child visitation, however, she stated that she had experienced trouble in obtaining extra visitation.

■ Generally, remarriage of either parent is not of itself a sufficient reason for changing an order of custody. *See Merrill v. Merrill; Adams v. Adams*, 385 So.2d 688 (Fla.App.1980); *see also* Annot., 43 A.L.R.2d 363 (1955). Remarriage of a noncustodial parent may, however, in combination with other salient circumstances affecting the best interest of the child, constitute a material change of circumstances so as to justify modification of custody. *See Stingley v. Wesch*, 77 Ill. App.2d 472, 222 N.E.2d 505 (1966); *see also Ramsden v. Ramsden*, 32 Wash.2d 603, 202 P.2d 920 (1949). In a proceeding seeking modification of custody, the trial court must also consider the possible adverse effect of a custody change on the child. *Schuermann*.

■ As observed in *Schuermann*, once custody has been awarded to a parent, in a subsequent proceeding seeking to modify custody of minor children, absent a showing of a material change of circumstances affecting the best interests of the child, "[e]very presumption is in favor of the reasonableness of the original decree." The rule articulated in *Schuermann* reflects an underlying policy favoring the continuation of child custody judgments in order to promote stability and continuity in the child's custodial and environmental relationships, absent a showing of a material change of conditions affecting the interests of the child.

■ The evidence discloses that other than the fact of the remarriage of the mother, the stability of the mother's situation, and an improved change in the nature of the residences of both parents, essentially the same conditions existed at the time of the modification hearing as existed at the time of the divorce. Dr. Easterling testified that the child was happy and well-adjusted; the trial court found that the father had "properly and adequately cared for the minor child of the parties." Under the facts revealed by the record, substantial evidence does not support the ruling ordering a modification of custody.

■ The mother asserts, however, that the trial court's decision also was but-

tressed by findings that the child was of "tender years," and that the mother was of the same sex as the child. The mother argues these findings and factors are sufficient to justify modification of custody. We disagree. The latter findings of the court, do not equate to a material change of circumstances; rather, they merely reflect a continuation of the status quo at the time of the entry of the original decree.[1]

We have reviewed the record carefully herein and find the evidence fails to indicate the existence of a material change in circumstances involving the child's best interests and welfare, justifying modification of child custody.

The award of modification of custody is reversed and remanded to the trial court with directions to enter a new order setting aside the modification of custody. The father is awarded a reasonable attorney fee for this appeal in the sum of $2,000.

IT IS SO ORDERED.

ALARID and FRUMAN, JJ., concur.

1. Subsequent to the trial court's hearing on the motion to modify child custody, the legislature substantially rewrote Section 40–4–9.1 by 1986 N.M. Laws, ch. 41, Section 1, to provide, among other things, that in "proceedings in which the custody of a child is at issue, the court shall not prefer one parent as a custodian solely because of gender."