733 P.2d 4

**Thomas Gerard ALFIERI,
Petitioner-Appellee,**

v.

**Christine Ann ALFIERI,
Respondent-Appellant.**

**No. 9403.**

Court of Appeals of New Mexico.

Jan. 6, 1987.

Thomas C. Montoya, Atkinson & Kelsey, P.A., Albuquerque, for petitioner-appellee.

Calvin Hyer, Jr., Albuquerque, for respondent-appellant.

## OPINION

DONNELLY, Judge.

Appellant appeals from a judgment of the trial court continuing child custody placement with her contingent upon her returning to New Mexico from California with her minor daughter and complying

with child visitation awarded to appellee, her former husband, as provided by the court's prior order. On appeal, the mother raises six contentions which we group and jointly discuss as follows: (1) legality of restricting relocation of minor child; (2) claim of error in the trial court's adoption of findings of fact; and (3) whether the trial court's order is supported by substantial evidence. Other issues raised in the docketing statement but not briefed are deemed abandoned. *State v. Doe*, 99 N.M. 456, 659 P.2d 908 (Ct.App.), *cert. denied*, 99 N.M. 477, 660 P.2d 119 (1983). We affirm.

This case involves a turbulent history. During their marriage, the parties had one child, a daughter. The child was approximately two years old when the marriage was dissolved on January 20, 1984. Following the divorce, the father remarried. Thereafter, the mother filed a motion for an order to show cause, requiring the father to show why he should not be held in contempt for failing to pay child support in a timely manner. The trial court ordered the father to pay child support in the amount provided in the agreement and to make monthly payments on arrearages.

In January 1985, the father obtained an order to show cause why the mother should not be held in contempt of court for failing to comply with his rights to visit and communicate with the child and to advise the father "as to the health, welfare and whereabouts" of his daughter. The trial court also referred the parties to the court clinic for evaluation and mediation of this issue. After a hearing, the court entered an order providing for the father's child visitation rights and specifically detailing the dates and times when he was permitted to visit his daughter. The April 4, 1985, order provided, among other things, for weekly visitation by the father, two-month summer visitation periods, and alternate visitation schedules on Thanksgiving and Christmas holidays. The order also directed that the parties keep each other informed as to the address of the child and recited that noncompliance with the visitation schedule could subject a party to contempt of court.

In August 1985, the mother secretly moved to California and took her daughter with her without notifying her former husband of the proposed move or the child's new address. Thereafter, both parties filed motions in the district court: the father moved for change of child custody and the mother sought to terminate or to modify the father's rights of child visitation.

After a hearing on the merits, the trial court adopted findings of fact providing, inter alia, that prior to removing the child from this state, the mother did not inform the father of her intent to move to California, nor of the child's new address or phone number in California; that the minor child has a very close attachment to her father and that the two have a good father-daughter relationship; that the mother moved from New Mexico, "in part, to avoid dealing with [the father] regarding [the child], and, in part, to interfere with and diminish [the father's] parent/child relationship"; that the mother's action in removing the child from the possibility of weekly contact with her father was not in the child's best interest; and that removal of the child from New Mexico to California "was detrimental to [the child's] welfare."

Based upon its findings, the trial court concluded in part that:

2. If [the mother] moves to Albuquerque, New Mexico, she will retain sole custody as provided in the Final Decree and [the father] will have visitation as provided in the Court's April 4, 1985, order;

3. If [the mother] decides not to move to Albuquerque, New Mexico, then the parties are awarded joint legal custody of [the child], with [her] principal place of residence placed with [the father] [.]

The trial court also concluded that because the mother's moving the child to California "was done primarily to interfere with and diminish [the father's] contact and relationship with [his daughter], New Mexico law allows for a change of custody from the mother to the father." The court further concluded that it would order a change

of child custody only if the mother persisted in her decision to remain in California, and that if she persisted in her efforts to interfere with and diminish the father's relationship with the child of the parties, this conduct "in turn render[s] her a less fit parent than is the father...."

## I. RESTRICTION OF RIGHT TO TRAVEL

■ At the heart of the mother's appeal is her contention that the trial court's order providing for joint custody and requiring her to give physical custody of her child to the father unless she returns to this state, in actuality seeks to adjudicate the place where the mother must reside; the mother argues this is an unlawful infringement upon her right to travel or to relocate.

The Supreme Court has recognized that the right of an individual to travel freely throughout other states or territories is secured by the United States Constitution. *E.g., Jones v. Helms*, 452 U.S. 412, 101 S.Ct. 2434, 69 L.Ed.2d 118 (1981); *Shapiro v. Thompson*, 394 U.S. 618, 89 S.Ct. 1322, 22 L.Ed.2d 600 (1969); *Edwards v. California*, 314 U.S. 160, 62 S.Ct. 164, 86 L.Ed. 119 (1941). This constitutionally-protected right to travel has been extended to invalidate laws which impede the individual's right to travel or which discourage the exercise of this right. *Shapiro v. Thompson.*

Although recognizing the right of a divorced parent who has been awarded custody of a minor child to relocate, state courts have generally upheld judicial restrictions or limitations upon removing a child from the jurisdiction in cases where the relocation is determined to be contrary to the best interests and welfare of the child. *See Garcia v. Garcia*, 81 N.M. 277, 466 P.2d 554 (1970); *Urzua v. Urzua*, 67 N.M. 304, 355 P.2d 123 (1960); *see also Johnson v. Johnson*, 455 So.2d 1332 (Fla.App.1984); *Ziegler v. Ziegler*, 107 Idaho 527, 691 P.2d 773 (App.1985); *Carlson v. Carlson*, 8 Kan.App.2d 564, 661 P.2d 833 (1983); *Meier v. Meier*, 286 Or. 437, 595 P.2d 474 (1979); Spitzer, *Moving and Storage of*

*Postdivorce Children: Relocation, The Constitution and The Courts*, 1985 Ariz. St.L.J. 1; Hoffman, *Restrictions on a Parent's Right to Travel in Child Custody Cases: Possible Constitutional Questions*, 6 U.D.L.R. 181 (1973). In the Annotation in 154 A.L.R. 552, 556 (1945), it is noted:

> The general rule that in matters affecting the custody of a child the court will be governed primarily by the welfare and best interests of the child applies in determining whether the court will award custody to a nonresident or grant or refuse permission to remove a child from the jurisdiction in a divorce or separation case.

*See also* Annots., 15 A.L.R.2d 432 (1951); 30 A.L.R.4th 548 (1984).

In *Garcia*, the the New Mexico Supreme Court confirmed the "best interests of the child" rule, but recognized that the right of a custodial parent to relocate should not be interfered with except where the move would clearly be contrary to the child's welfare. The court held:

> the fact the parent with custody is a non-resident or about to become one, for whatever reason, [does not alter] the universal rule that the best interests of the child are paramount; that if those interests are best served by being with the mother, even though outside this jurisdiction, removal should be permitted.

*Id.*, 81 N.M. at 279, 466 P.2d at 556. *See also Urzua v. Urzua.* In *State v. Whiting*, 100 N.M. 447, 449, 671 P.2d 1158, 1160 (Ct.App.1983), this court further observed that a parent's "natural right to custody includes the right to remove the child from this jurisdiction in the absence of any legal modification of that right."

■ As observed in *Garcia* and *Urzua*, the best interests of the child control the right of a custodial parent to remove a child from this jurisdiction and where a challenge to the right of a parent to move a child from the state is raised by the noncustodial parent, the decision of whether to grant the relocation is addressed to the sound discretion of the trial court based

upon the child's best interest and welfare. *See also Meier v. Meier.*

Following entry of the initial decree of divorce, on April 4, 1985, the trial court entered an order modifying child visitation rights, thereby amplifying the father's rights to specific visitation. The order specified that the father was awarded visitation on alternating weekends from 4:30 p.m. Friday until Monday morning; each Wednesday from 4:30 p.m. until Thursday morning; on specified holidays; and for a two-month period during each summer. The order further recited that the failure of the parties to comply with the terms of the order may subject them to a ruling of contempt. Under these facts, the mother, as custodial parent, could not unilaterally abrogate the father's right to specific visitation with his daughter without court approval.

The trial court expressly determined that the parties' minor child has a close attachment to her father and that one of the mother's motives in relocating outside New Mexico was to diminish the father's parent-child relationship so as to deprive the child and her father of the interaction, society and visitation of the other. The court also found that restricting the child's contact with her father and removal from New Mexico to California "was detrimental" to the child's welfare.

Under the facts herein, the ruling of Judge Kass sought to balance the best interests of the child with the right of the mother to relocate. New Mexico follows the rule that a parent's natural right to custody includes the right of a custodial parent to relocate, except where such right has been legally modified. Here, however, that right had been modified by the mandatory visitation provisions spelled out in the April 4, 1985, court order. The trial court's ruling under the circumstances here shown, was based upon findings of the best interests and welfare of the child and that the mother improperly sought to cut off the father and the child from visiting and associating with each other. Under these circumstances, we do not find that the trial court's ruling was an abuse of discretion or contrary to law. Although we caution that orders limiting or restricting a custodial parent's right to relocate should only be entered in exceptional cases after alternative means of continuing parent-child association have been considered, we find no error in the trial court's ruling under the facts herein.

## II. FINDINGS OF FACT

The mother argues that there is an insufficient evidentiary basis for the trial court's finding that her primary purpose in moving from this state was to avoid or diminish the father's rights of visitation with his daughter and that her purpose in part was to interfere with and diminish the father's parent-child relationship. The mother's brief-in-chief specifically challenges other related findings adopted by the trial court and asserts that they are not supported by substantial evidence. Since the mother's challenge to the findings turns on her assertion that they are not supported by substantial evidence, we discuss these issues jointly. We have examined the record herein and find against her on this issue.

It is black-letter law that on appellate review wherein appellant challenges the sufficiency of the evidence, the reviewing court will uphold the trial court's findings and conclusions if they are supported by substantial evidence. *Martinez v. Martinez,* 101 N.M. 88, 678 P.2d 1163 (1984). The appellate court will view the facts and evidence in a light most favorable to the ruling of the trial court, indulge in all reasonable inference in support of the court's findings, and will disregard all inferences or evidence to the contrary. *Cave v. Cave,* 81 N.M. 797, 474 P.2d 480 (1970). *See also Seeley v. Jaramillo,* 104 N.M. 783, 727 P.2d 91 (Ct.App.1986).

The mother also argues that the trial court erred in refusing to adopt requested findings of fact submitted by her and which she alleges were supported by substantial evidence. The mother misperceives the role of this court on appeal. The

test to be applied on appeal is whether there is substantial evidence to support the trial court's ruling, not whether there is evidence to support a different result. *Abbinett v. Fox*, 103 N.M. 80, 703 P.2d 177 (Ct.App.1985).

The mother ascribes other motives to her actions and contends that she moved to California because her former husband mentally and physically abused both her and the child. She argues that her testimony substantiating this motive is uncontroverted and that the trial court is compelled to find accordingly. We disagree. The trier of fact does not act arbitrarily in disregarding alleged uncontradicted testimony where legitimate inferences may be drawn from the facts and circumstances that contradict or cast reasonable doubt on the truth or accuracy of the testimony. *Medler v. Henry*, 44 N.M. 275, 101 P.2d 398 (1940). Further, *"the interest of the witness furnishes a proper ground for hesitating to accept his statements*[.]" *Strickland v. Roosevelt County Rural Electric Cooperative*, 94 N.M. 459, 465, 612 P.2d 689, 695 (Ct.App.1980) (*quoting* and emphasizing *Hull v. Littauer*, 162 N.Y. 569, 57 N.E. 102 (1900)). The evidence bearing on this issue was conflicting. The trial court having heard the evidence and seen the witnesses and weighed their demeanor, could reasonably infer from the evidence that one of the mother's motives in removing the child from New Mexico was based upon a desire to impede the father's right of visitation and association with his daughter.

The trial court ordered a psychological evaluation of both parents by the court clinic. As shown by the report prepared by psychologists Dan Matthews, Ph.D., and Terry Ginsberg, M.A., and admitted into evidence, the mother was found to harbor strong anger toward her former husband and sought to escape contact with him because she "resents his continued intrusion in her life through their daughter." The court clinic also noted that the mother moved to California to avoid her own problems with the father as well as the specific difficulties in dealing with him regarding the child. Moreover, Dr. Matthews testified that the mother was adamant about not having her child around the father and appeared agitated and angry about this factor. Additionally, Ginsberg testified that the clinic was concerned because it discerned that the mother was talking negatively about the father to the child and to others in the presence of the child.

The report recommended leaving the child with her mother but further noted that the mother's "action in removing [the child] from the possibility of weekly contact with [the father] ... cannot be seen as in [the child's] ultimate best interest." The court clinic further recommended that the child "spend frequent time in her father and step-mother's care. Weekly contact would be most desirable."

Ginsberg also testified that, based on his observation, the child appeared to have a very close attachment to the father; they easily engaged each other during structured and unstructured activities; and, there was no indication of stress or anxiety.

Dr. Matthews testified that moving the child to California negatively impacted and was detrimental to the child's relationship with her father. Dr. Matthews' further testimony indicated that if the child grows up without a relationship with her father or with a negative image of her father, this could foreseeably result in causing problems with the child's progress in school, emotional health, and future relationships. Dr. Matthews also testified that one reason a weekly visitation schedule is in the child's best interests is because a child at that age (four years) does not have a long enough memory span to remember her father even from a previous contact at three-week intervals and will be unable to imagine the next contact if they are not frequent; consequently, it was important that a child of this age should have frequent parent contacts.

The record further indicates that the mother, without notice to her former husband, secretly made arrangements to re-

move the child from New Mexico and to prevent the father from obtaining phone contact or knowing of the child's location. The mother contends she was not restricted in any way from moving to California with the child in August 1985, because the January 20, 1984, marital settlement agreement included an alternative visitation schedule in the event the parties at some point no longer continued to reside in the same metropolitan area. The subsequent April 4, 1985, visitation order adopted by the trial court, however, did not include such a provision and specifically mandated each parent's compliance with the visitation schedule detailed by the court. The mother's challenge to the trial court's findings are without merit. Applying the above rules, we determine that the trial court's findings are supported by substantial evidence.

## III. BASIS FOR CHANGE OF CUSTODY

■ We turn next to the mother's argument that the record fails to support the trial court's determination that there has been a significant change of circumstances sufficient to justify the contingent change of custody as ordered by the court.

■ Child custody may be modified only upon evidence establishing a substantial change of circumstances which has occurred subsequent to the entry of a decree of divorce and which changed circumstances are shown to materially affect the best interests and welfare of the child. *See Seeley v. Jaramillo; see also* NMSA 1978, §§ 40-4-7 and -9.1 (Repl.1986). The burden of proof to establish a change of custody is upon the party seeking modification. *Seeley v. Jaramillo.*

■ Inherent in the visitation privileges granted to a noncustodial parent under a court decree is a correlative obligation resting upon the custodial parent that such visitation privileges and the right of the child to associate with both parents will not be unreasonably impeded or destroyed. *See Johnson v. Johnson,* 455 So.2d 1332 (Fla.1984). *Lopez v. Lopez,* 97 N.M. 332, 639 P.2d 1186 (1981), recognized that a custodial parent's demonstrated lack of cooperation and refusal to follow prior court orders concerning visitation may constitute grounds for a change of custody in an extreme case.

In *Montero v. Montero,* 96 N.M. 475, 632 P.2d 352 (1981), the court noted that where a close relationship already exists, visitation between parent and child involves a wholesome, if not vital, contribution to the child's emotional well-being. The custodial parent, who usually has a great deal of influence over the children so as to prevent bitterness or vindictiveness against the noncustodial parent, has an important responsibility to endeavor and preserve the normal parent-child relationship with the noncustodial parent. *Spingola v. Spingola,* 91 N.M. 737, 580 P.2d 958 (1978).

The trial court found that the mother sought to improperly interfere with the parent-child relationship existing between the child and her father. The court also concluded that, while the fact of moving to another state does not constitute a proper basis to warrant a change of custody, when coupled with the "inappropriate goal of interferring with and diminishing the other parent's relationship with the child," these facts constitute sufficient changed circumstances to warrant a change of custody.

■ Although the evidence was in part circumstantial, there was substantial evidence to allow the trial court to form the basis requiring the mother to return her daughter to this state in order to permit continued association with her father. It is not necessary to establish by direct testimony of witnesses the existence of every material fact; facts may be proven by circumstantial evidence. *Dodge v. Tradewell Stores, Inc.,* 256 Or. 514, 474 P.2d 745 (1970). *See also Tanner v. Farmer,* 243 Or. 431, 414 P.2d 340 (1966). In a civil case, circumstantial evidence is competent to prove a fact in issue and it is unnecessary that such proof rise to the degree of certainty to support only one conclusion to the exclusion of all others. *Casey v. Phillips Pipeline Co.,* 199 Kan. 538, 431 P.2d

518 (1967). Circumstantial evidence consists of proof of facts or circumstances which give rise to a reasonable inference of the truth of the facts sought to be proved. *See* NMSA 1978, UJI Civ. 3.11 (Repl.Pamp. 1980).

The trial court's conditional order relating to custody of the minor child of the parties was not an abuse of discretion or contrary to law.

The order of the trial court is affirmed.

IT IS SO ORDERED.

ALARID and FRUMAN, JJ., concur.