795 P.2d 1028

**Kim Marie (Jaramillo) MURPHY, Petitioner–Appellee/Cross–Appellant,**

**v.**

**Francisco Filimon JARAMILLO, Respondent–Appellant/Cross–Appellee.**

**No. 11755.**

Court of Appeals of New Mexico.

June 5, 1990.

changed circumstances and what was in the child's best interests; (5) as a matter of both law and fact, the child would not suffer adverse effects from moving out of state with mother; and (6) the child should not travel alone by plane until she was eight years of age.

This appeal presents issues of first impression in New Mexico. We reverse and remand, concluding that the trial court: (1) misapplied the presumption favoring a sole custodian's right to relocate to the facts of this case and, as a result, (2) improperly shifted the burden of proof to father to show a substantial change of circumstances and what was in the child's best interests.

FACTS

The parties were divorced in 1987. Under a parenting plan (the plan), they assumed joint legal custody of their minor daughter. The plan called for sharing physical custody of the child under a specific formula providing periods of residence with both parents. It specifically provided that "[the parties] agree that physical custody of [the child] shall be shared in the following manner: ... [the child] shall reside with [mother] during each week, except during the periods of time she resides with [father], as outlined ... below."

The plan then specified the particular days and times during which the child was to reside with father, including, but not limited to, periods totalling four to six weeks during the summer months, as well as certain holidays and birthdays. It also provided for the child's education and religious upbringing. Neither parent was designated as the "primary physical custodian," although it is evident from the terms of the plan that the child would live with her mother a majority of the time. The trial court found, and the parties do not dispute, that the child thrived under the joint custody arrangement.

In September 1988, mother informed father of her intention to relocate with the child from Las Cruces to New Hampshire. She was relocating because of her inability to obtain suitable employment in New Mexico. Father filed a motion seeking an in-

Charlotte Greenfield, Las Cruces, for petitioner-appellee/cross-appellant.

Beverly J. Singleman, Stephen A. Hubert, Hubert & Hernandez, P.A., Las Cruces, for respondent-appellant/cross-appellee.

OPINION

APODACA, Judge.

Father appeals the trial court's order (1) modifying the final decree previously entered and (2) awarding sole physical custody to mother. Mother cross-appeals denial of her costs. Father raises six issues on appeal: whether the trial court erred in holding that (1) as a matter of both law and fact, mother was the child's "primary custodial parent"; (2) in joint custody cases, the parent having primary physical custody is treated as a sole custodial parent where relocation is at issue; (3) as a matter of both law and fact, mother's pending relocation out of state with the parties' child was not a substantial change of circumstances; (4) father had the burden of showing

junction to prevent mother from changing the child's principal residence. After a hearing on the motion, the trial court restrained mother from removing the child from New Mexico until the matter could be heard on the merits. In the same order, the trial court ruled that mother's planned move to New Hampshire and father's motion to prevent mother from changing the child's principal residence to another state would be treated as cross-motions for change of child custody.

Before the hearing on the merits, father formally filed a motion seeking sole physical custody. The motion declared his intention to relocate with the child to Socorro if the trial court granted physical custody to him. After a two-day hearing, the trial court modified the original decree, awarding "sole physical custody [of the child to mother] and liberal rights of visitation ... to [father]." The trial court continued joint legal custody in both parties.

DISCUSSION

*Issues (1) and (2)—Mother's Status as "Primary Physical Custodian"*

The trial court held that mother had had "primary physical custody" of the child since entry of the decree. It also held that insufficient change of circumstances had been shown to justify a change of primary physical custody from mother to father and that it was in the best interests of the child that mother remain as the primary custodial parent. Contemporaneously, however, the trial court entered findings that the child's time was shared substantially equally between the parties and that the parties had contributed equally to her physical raising.

Based on these findings, the trial court concluded: (1) that a change of residence of the custodial parent, chosen for acceptable purposes, was not by itself a sufficient change of circumstances for a change of physical custody; and (2) in cases of joint legal custody, the parent having primary physical custody was to be treated as the custodial parent for purposes of relocation. Father challenges the court's findings and conclusions characterizing mother as the primary physical custodian. Mother, on the other hand, argues the findings that the parties contributed substantially equally to the child's upbringing are unsupported by the evidence. The trial court also proceeded to find that: (1) there was no proof that moving the child to New Hampshire would have any adverse effects; and (2) mother's motives for moving to New Hampshire were legitimate and acceptable.

The trial court's findings and conclusions appear to reflect the trial court's belief that in cases of joint custody, the parent with primary physical custody was entitled to the presumption favoring the custodial parent under *Newhouse v. Chavez*, 108 N.M. 319, 772 P.2d 353 (Ct.App. 1988). It is well-established law that a parent who has been awarded sole physical custody may determine where the child will live, absent proof by the noncustodial parent that the move is against the best interests of the child or motivated by bad faith on the part of the custodial parent. *See id.; Alfieri v. Alfieri*, 105 N.M. 373, 733 P.2d 4 (Ct.App.1987); *Auge v. Auge*, 334 N.W.2d 393 (Minn.1983). We agree with father that the trial court erred in misapplying the presumption favoring parents having sole physical custody to joint custody situations. We believe that, in joint custody situations, it is the best interests of the child that should be of prime importance when either parent wants to relocate. *See Alfieri v. Alfieri.*

An award of joint custody signifies that each parent shall have significant, well-defined periods of responsibility for the child. NMSA 1978, § 40–4–9.1(J)(1) (Repl.Pamp.1989). Decisions regarding major changes in a child's life, including a parent's proposed relocation to another city or state, may be decided by: (1) agreement between the joint custodial parents; (2) counseling or mediation; (3) binding arbitration; (4) allocation of the particular decision to one legal parent; (4) terminating joint custody and awarding sole custody to one parent; (5) reference to a master; or (6) a district court. § 40–4–9.1(J)(5). In any event, the trial court cannot terminate joint custody unless there is a showing of a

substantial and material change of circumstances affecting the welfare of the child since the entry of the joint custody order, such that joint custody is no longer in the best interests of the child. § 40–4–9.1(A); *see Seeley v. Jaramillo*, 104 N.M. 783, 727 P.2d 91 (Ct.App.1986).

■ The plan here provided for specific periods during which each parent had responsibility for the child. Although it contemplated that the child would spend more time with mother, the plan did not designate a *primary* physical custodian as such. Instead, it provided expressly that "physical custody [of the child] shall be shared." Joint custody does not require an absolute equal division of time. *Hegerle v. Hegerle*, 355 N.W.2d 726 (Minn.Ct.App.1984); § 40–4–9.1(L)(3). Under joint custody, it is only necessary that physical custody be the shared responsibility of the parties. *Id.*

We believe the trial court's finding that mother was the primary physical custodian was not, by itself, exclusively dispositive of the only significant issue in this appeal, namely, the existence of a substantial change of circumstances materially affecting the best interests of the child. *See Seeley v. Jaramillo;* § 40–4–9.1(A). For this reason, we conclude that mother's designation as the primary physical custodian, is not the only factor that must be considered in making the necessary determination. We do so because such designation does not clothe a party with the *Newhouse* presumption entitling sole custodial parents the right to relocate children absent proof of harm by the noncustodial parent.

In cases involving joint legal custody, where physical custody has been awarded to one parent with visitation rights in the other parent, the decree is considered the same as one awarding sole custody for removal purposes. *Christopher–Frederickson v. Christopher*, 223 N.J.Super. 303, 538 A.2d 830 (App.Div.1988). However, the presumption favoring parents having sole custody has been held not to extend to cases where the parties have joint legal and physical custody, or where both parties have been awarded joint legal custody and are equally involved in the child's care.

*See Sydnes v. Sydnes*, 388 N.W.2d 3 (Minn. Ct.App.1986). We adopt the principle enunciated in *Sydnes* as law in New Mexico.

■ We need not determine whether the provision in the plan (that physical custody was to be shared as specified) was tantamount to joint physical custody. Suffice it to say that the provision did not clothe mother, even as primary physical custodian, a term first coined by the trial court, with the presumption and other benefits afforded sole custodians under *Newhouse* and *Alfieri*. Neither do we consider it a prerequisite to application of the principles discussed in this opinion that physical custody be strictly divided on a 50–50 basis. *See Hegerle v. Hegerle.* We conclude the trial court erred in favoring mother with a presumption entitling her to relocate with the child absent proof from father of bad motive or detrimental harm to the child.

### Issues (3) and (4)—Change of Circumstances and Burden of Proof

■ Father argues that, as a direct result of the trial court's misapplication of the law noted above, the burden of proving a substantial change of circumstances was improperly shifted to him. Treating the parties' dispute as cross-motions for change of custody, the trial court held that the necessary change of circumstances had not been shown to justify a change of primary physical custody from mother to father. The trial court also concluded that a change of residence of the custodial parent, chosen for acceptable purposes, standing alone, was insufficient for a change of physical custody to father. Implicit in the trial court's findings and conclusions is the assumption that the burden of showing changed circumstances was on father, even though both parties sought a change of physical custody.

It is well settled that relocation by a parent having sole custody does not constitute the necessary change of circumstances absent evidence of bad motive. *See Alfieri v. Alfieri.* However, we believe that, in cases of joint custody, a distant relocation by one parent will inevitably trigger a change of circumstances—the inability of

the parties to implement their parenting agreement. *See Newhouse v. Chavez.* The plan here provided that each parent have well-defined periods of responsibility for the child. Mother's planned move to New Hampshire, as well as father's anticipated move to Socorro, made the plan unworkable. We therefore conclude that, in joint custody cases, relocation by one or both parents may constitute a sufficient change of circumstances justifying a modification of the original decree. *See also In re Marriage of Green,* 417 N.W.2d 252 (Iowa Ct.App.1987); *In re Marriage of Lovejoy,* 158 Ill.App.3d 1, 109 Ill.Dec. 768, 510 N.E.2d 636 (1987).

As we stated previously, the findings and conclusions reflected the trial court's belief that father bore the burden of proving mother's planned move to New Hampshire would harm the child or was motivated by bad faith. *See Newhouse v. Chavez; Alfieri v. Alfieri.* We also noted that this premise was apparently based on the trial court's misapplication of the presumption favoring the right of a custodial parent to relocate.

■ The burden of proof to establish a change of custody is on the party seeking modification. *Schuermann v. Schuermann,* 94 N.M. 81, 607 P.2d 619 (1980); *see also Seeley v. Jaramillo* (requiring a showing of a material change of conditions affecting the best interests of the child). One factor to be considered in deciding whether to modify custody is the child's adjustment to his home, school, and community. *See* § 40-4-9. Factors stressing stability and continuity of care and environment are of particular importance to younger children. *See Schuermann v. Schuermann; Sydnes v. Sydnes.* Thus, ordinarily, in joint custody cases, the burden is on the party seeking to relocate to show that the relocation is in the best interests of the child. *Id.*

■ Although it was mother's anticipated move to New Hampshire that precipitated the change of custody proceedings in this appeal, we note that father also desired to relocate with the child to Socorro. For these reasons, we decline to place the burden of proof on mother to establish that the proposed relocation to New Hampshire is in the child's best interests. Under the particular facts in this appeal, we conclude both parents entered the hearing on an "equal footing," with the best interests of the child being the paramount consideration. *See Shorty v. Scott,* 87 N.M. 490, 535 P.2d 1341 (1975); *see also Key v. Key,* 519 So.2d 319 (La.Ct.App.1988) (in cases where original joint custody award premised upon agreement of the parties and modification becomes necessary because of proposed relocation of one parent, usual change of circumstances rule and heavy burden of proof rule placed on noncustodial parent are not applicable, as the issue of custody has never been previously contested). In adopting findings and conclusions consistent with this opinion on remand, the trial court shall bear in mind that the parties stand before it on an equal footing.

### Issue (5)

Because of our disposition, we need not reach father's argument that the trial court erred in holding the child would not suffer adverse effects from moving to New Hampshire with mother. Ultimately, whether the child would suffer such adverse effects will involve a determination of what is in the best interests of the child. We hold that the trial court should enter amended findings and conclusions based on the principles discussed in this opinion. Father is entitled to a trial court's determination based on correct legal principles, rather than being placed at an unfair disadvantage with respect to applicable presumptions and burdens of proof. For this reason, the trial court must redetermine what is in the child's best interests.

### Issue (6)

■ Both parties concede the trial court's finding that the child should not travel alone by plane until she is eight years of age was unsupported by substantial evidence. Our review of the record likewise reveals no basis for this finding. To the contrary, neither parent expressed concern about the child's ability to fly

alone. For this reason, we set aside finding 17. *Fitzsimmons v. Fitzsimmons,* 104 N.M. 420, 722 P.2d 671 (Ct.App.1986) (court's findings must be supported by substantial evidence).

### CONCLUSION

We realize the difficulty of the trial court's decision when it was confronted with mother's proposed move to New Hampshire. Yet, it is apparent to us, after a review of the findings and conclusions, that the trial court misapprehended the law applicable to joint custody situations. Neither do we believe the trial court realized the implications involved in awarding sole physical custody to mother under this misapprehension. We conclude that, although the trial court entered a finding that it was in the child's best interests that mother "remain as the primary custodial parent," this finding was based on improper assumptions and burdens of proof. The trial court did not properly determine the primary issue of what was in the child's best interests.

The trial court's order modifying joint custody is reversed. In light of our disposition, mother's denial-of-costs issue is moot and we need not address it. We remand to the trial court with instructions to adopt findings of fact and conclusions of law consistent with this opinion, and for the entry of an amended order. Each party shall bear his or her respective costs and attorney fees on appeal.

IT IS SO ORDERED.

ALARID, J., concurs.

DONNELLY, J., concurs in part, dissents in part.

DONNELLY, Judge (concurring in part, dissenting in part).

Following appellee's motion for rehearing, I submit the following modified special concurrence and dissent.

I concur with the majority that the order modifying joint custody should be reversed and remanded for adoption of amended findings of fact and conclusions of law, and for entry of an amended order addressing the cross-motions of the parents to modify the joint custody provisions of the original divorce decree. I write separately to clarify what I believe to be the proper rule relating to the burden of proof where a parent seeks to modify a joint custody decree so as to permit relocation of a child to a different city or state, thus substantially impacting the provisions of the prior decree of joint custody.

The majority opinion states, under the circumstances of this case, that it "decline[s] to place the burden of proof on [the] mother to establish that the proposed relocation to New Hampshire is in the child's best interests." I disagree that this statement correctly spells out the proper rule. Although in this case both the mother and father indicated their desire to relocate, insofar as the proposed move of each of the parents may materially impact the provisions of the existing joint custody provision, each party carried the burden of establishing that any proposed modification of the prior joint custody order is in the child's best interests.

In *Strosnider v. Strosnider,* 101 N.M. 639, 646, 686 P.2d 981, 988 (Ct.App.1984), this court observed that an order for joint custody may be modified or terminated upon the motion of one or both parties if the best interests of the minor require modification or termination of the order. Similarly, in *Garcia v. Garcia,* 81 N.M. 277, 466 P.2d 554 (1970), a case not involving joint child custody, our supreme court stated that the right of a custodial parent to relocate should not be interfered with except where the move would be clearly contrary to the child's welfare. Similarly, the applicable rule in cases involving joint legal and physical child custody, where the decree is silent concerning the right of relocation, and where the parties are unable to agree upon modification, requires a parent seeking to move to a location substantially distant from the place of former residence, to prove that the relocation will be in the child's best interest. In such case, NMSA 1978, Section 40-4-9.1(J)(4) (Repl.Pamp. 1989), requires advance written notice of the proposed relocation. Section 40-4-9.-

1(A) provides that "[t]here shall be a presumption that joint custody is in the best interest of a child in an initial custody determination." The statute also specifies that "the court shall not terminate joint custody unless there has been a substantial and material change in circumstances affecting the welfare of the child, since entry of the joint custody order." *Id.*

The presumption created under Section 40–4–9(A), that joint custody is in the best interest of a child, does not disappear where one party seeks to move outside the state, and the burden remains on the parent seeking to relocate, if relocation will require modification of the joint custody decree, to show that the proposed modification is in the child's best interests. *See Newhouse v. Chavez,* 108 N.M. 319, 772 P.2d 353 (Ct.App.1988) (burden is on parent seeking modification of child custody to show change of circumstances and that change overcomes presumption in favor of reasonableness of original decree); *Alfieri v. Alfieri,* 105 N.M. 373, 733 P.2d 4 (Ct. App.1987) (burden of proof to establish change of child custody is upon party seeking modification); *see also Seeley v. Jaramillo,* 104 N.M. 783, 727 P.2d 91 (Ct.App. 1986) (once custody has been decided by the court, a presumption exists in favor of the reasonableness of the original decree); *Blake v. Blake,* 207 Conn. 217, 541 A.2d 1201 (1988) (burden of proving that a modification of custody is in the best interests of child rests with the party seeking modification).

The proximity of the homes of the parents is an important factor for consideration in evaluating joint custody. In the text, 2 J. McCahey, M. Kaufman, C. Kraut, D. Gaffner, M. Silverman & J. Zett, *Child Custody & Visitation Law and Practice* § 13.08[4][a] (1990), the authors note:

> When one parent desires to move to a new location considerably distant from the other parent, modification from joint to sole custody is frequently sought.

The increasing tendency of courts is not to allow modification of an otherwise workable and successful joint legal custody arrangement for the sole reason that one parent wishes to change locale. As the court stated in *Rusin v. Rusin,* [103 Misc.2d 534, 426 N.Y.S.2d 701 (1980)] mere distance does not outweigh the benefits of joint (legal) custody, nor make joint custody unworkable. Another court [*Bazant v. Bazant,* 80 App. Div.2d 310, 439 N.Y.S.2d 521 (1981)], further reasoned that modern transportation and communication lessen many adverse effects of geographic separation. Although courts may grant modification of a joint custody award due to one parent's geographic move, the modification is usually coupled with other demonstrable changes in circumstance which adversely affect the child. [Footnotes omitted.]

In view of the fact that public policy favors an award of joint custody, except where such award is demonstrably contrary to the best interests of the child, the courts should attempt to accommodate a parent's desire to relocate, and at the same time preserve the positive aspects of the joint custody provisions. The burden of proof, however, rests upon each party seeking to modify a prior joint custody decree to show that the proposed modification is in the child's best interests. If the proposed relocation will necessitate modification of the joint custody order, the court should also require the party seeking the change to submit a proposed modified parenting plan for review by the court. *See, e.g.,* § 40–4–9.1(F)(5).