This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**JULIE BEAKEY, f/k/a**,
**JULIE FELTY,**

     Plaintiff-Appellee,

v.                                                                                    **NO.   32,049**

**GLENN FELTY,**

     Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Elizabeth E. Whitefield, District Judge**

Sutin, Thayer & Browne, P.C.
Kerry Kiernan
Albuquerque, NM

for Appellee

Law Office of Peter H. Johnstone, P.C.
Peter H. Johnston
Meredith A. Johnston
Albuquerque, NM

for Appellant

**MEMORANDUM OPINION**

**KENNEDY, Judge.**

Glenn Felty appeals an order altering the parties' respective periods of responsibility for their minor daughter, Margaux, by permitting Julie Beakey, his ex-wife, to take Margaux when she moves to Oklahoma. In our notice of proposed summary disposition, we proposed to affirm. Felty has filed a memorandum in opposition and Beakey has filed a memorandum in support, both of which we have duly considered. As we are not persuaded by Felty's arguments, we affirm.

In our notice of proposed summary disposition, we proposed to hold that Beakey's remarriage to a man who lives in Oklahoma, and her plan to move there to be with him, constituted a substantial and material change in circumstances. *See Jaramillo v. Jaramillo*, 113 N.M. 57, 67 n.9, 823 P.2d 299, 309 n.9 (1991) ("[I]t is difficult to imagine an instance in which a proposed relocation will not render an existing parenting plan or custody-and-visitation arrangement unworkable. . . . '[A] distant relocation by one parent will inevitably trigger a change of circumstances—the inability of the parties to implement their parenting agreement.'" (citation omitted)). We also proposed to hold that there was sufficient evidence to support the district court's determination that it would be in Margaux's best interest to move with

Beakey, such that, although Beakey and Felty would retain joint custody, the bulk of Margaux's time would be spent with Beakey.

In Felty's memorandum in opposition, he argues that there was insufficient evidence of a substantial and material change in circumstances because the allegations of the change were supported solely by Beakey's testimony. [MIO 2] However, Felty provides no explanation of why Beakey's testimony about her remarriage and intent to relocate would be inadequate to support the district court's findings. As we explained in our notice, this Court does not reweigh the evidence on appeal. *See Alfieri v. Alfieri*, 105 N.M. 373, 377, 733 P.2d 4, 8 (Ct. App. 1987) (stating that when reviewing the evidence supporting a child custody determination, we "will view the facts and evidence in a light most favorable to the ruling of the trial court, indulge in all reasonable inference in support of the court's findings, and will disregard all inferences or evidence to the contrary"). Beakey's testimony was therefore sufficient to support a finding of a substantial and material change in circumstances.

Felty also asserts that there was not substantial evidence to support a finding that it would be in Margaux's best interest to move with Beakey to Oklahoma. [MIO 3-10] Felty's argument appears to be that Beakey is voluntarily choosing to leave the state and, by leaving, she is placing Margaux in the position of being apart from Felty. Because the district court did not believe that Margaux needed to be away from Felty

for any reason, then it would be better for her to be close to him. However, as Felty acknowledges, Beakey is constitutionally entitled to move if she so chooses. *See Jaramillo*, 113 N.M. at 63, 823 P.2d 299, 305. And, thus, the question before the district court was not whether it would be better for Margaux to be with both parents, but, rather, since Margaux's parents will be far apart and Margaux must live primarily with one or the other of them, with whom should she live? There was sufficient evidence to support the district court's determination that it would be in Margaux's best interest to live with Beakey.

Therefore, for the reasons stated in this Opinion and in our notice of proposed summary disposition, we affirm.

**IT IS SO ORDERED.**


_____
**RODERICK T. KENNEDY, Judge**


**WE CONCUR:**


_____
**MICHAEL D. BUSTAMANTE, Judge**


_____

**LINDA M. VANZI, Judge**