This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**LICIA NICHOLE VICKREY,**

Petitioner-Appellee,

**v.**                                                     **Nos. 35,138 & 35,139**
                                                                **(consolidated)**

**DALE VICKREY,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF EDDY COUNTY**
**Raymond L. Romero, District Judge**

Sanders, Bruin, Coll & Worley, P.A.
Anna C. Rains
Roswell, NM

for Appellee

Barbara A. Patterson Law Firm, P.C.
Barbara Ann Patterson
Roswell, NM

for Appellant

**MEMORANDUM OPINION**

**SUTIN, Judge.**

**{1}** Respondent-Appellant Dale Vickrey has appealed from orders of the district court resolving the parties' competing motions to modify child custody and visitation. We previously issued a notice of proposed summary disposition in which we proposed to uphold the district court's decision. Petitioner-Appellee Licia Nichole Vickrey has filed a memorandum in support, and Respondent has filed a memorandum in opposition. After due consideration, we affirm.

**{2}** Because we previously set forth the pertinent background information and relevant principles of law in the notice of proposed summary disposition, we will avoid undue reiteration here and focus instead on the content of the responsive memoranda.

**{3}** Respondent continues to argue that the district court displayed impermissible gender bias, [MIO 2-7] based on its expressed belief that "there are fundamental differences between the things that fathers and mothers can provide" for their daughters and that "young ladies of this age need their mother." [DS 5; MIO 5] We acknowledge Respondent's concerns about gender discrimination. [MIO 3] However, we remain unpersuaded that the district court displayed such bias.

**{4}** As we previously observed, with respect to child custody matters, the governing statute provides that gender is a permissible consideration. *See* NMSA 1978, § 40-4-9.1(C) (1999) (providing that in this context "the court shall not prefer one parent as

a custodian *solely* because of gender" (emphasis added)); *see, e.g.*, *Seeley v. Jaramillo*, 1986-NMCA-100, ¶ 11, 104 N.M. 783, 727 P.2d 91 (noting evidence that, in light of age and gender-based considerations, the parties' daughter could benefit from the mother's custody). Although Respondent contends that Section 40-4-9.1(C) should be interpreted to prohibit any consideration of gender in the decision-making process [MIO 3-4], we will not depart from the clear meaning of the plain language. *See generally Summers v. N.M. Water Quality Control Comm'n*, 2011-NMCA-097, ¶ 16, 150 N.M. 694, 265 P.3d 745 (observing that, when considering the plain language of a statute, we "assume that the ordinary meaning of the words expresses the legislative purpose" (internal quotation marks and citation omitted)). Respondent's constitutional concerns are not sufficiently developed to convince us otherwise. [MIO 3] *See Generally Marrujo v. N.M. State Highway Transp. Dep't*, 1994-NMSC-116, ¶ 9, 118 N.M. 753, 887 P.2d 747 (observing that "[w]hen dealing with a facial constitutional challenge of a statute, the legislation enjoys a presumption of constitutionality" and briefly setting forth the various standards and differing focuses associated with the equal protection and due process guarantees (internal quotation marks and citation omitted)).

{5}     Respondent further argues that the district court's findings and conclusions concerning the propriety of maintaining primary physical custody with Petitioner in

light of Petitioner's status as the child's primary psychological, emotional, and nurturing parent cannot be meaningfully evaluated without review of the transcript of the proceedings below. [MIO 4] We disagree. The record before us reflects that evidence was presented in support of the district court's findings, specifically concerning Petitioner's historical and current relationship with the child, as well as the child's preference to remain with Petitioner. [RP 439-40; MIS 1-4] Respondent does not deny that such evidence was presented; instead, we understand him to suggest that the evidence should be re-weighed in view of his claim of gender discrimination. [MIO 4-6] We decline the invitation. *See generally Fitzsimmons v. Fitzsimmons*, 1986-NMCA-029, ¶ 10, 104 N.M. 420, 722 P.2d 671 ("Great discretion is accorded the trial court in custody matters . . . . It is the trial [court] who hears all the evidence, who observes the demeanor of the parties and their witnesses and who is in the best position to exercise [its] sound judgment."); *In re Termination of Parental Rights of Laurie R.*, 1988-NMCA-055, ¶ 28, 107 N.M. 529, 760 P.2d 1295 ("In determining whether the evidence supports the findings and decision of the trial court, we view the evidence in the light most favorable to the prevailing party[] and resolve all conflicts and indulge in all permissible inferences therefrom in favor of the decision of the trial court. An appellate court will not substitute its judgment for that of the trial court." (citation omitted)).

{6}    Accordingly, for the reasons stated in our notice of proposed summary disposition and in this Opinion, we affirm. Petitioner's request for attorney fees on appeal is denied.

{7}    **IT IS SO ORDERED.**


_____
**JONATHAN B. SUTIN, Judge**


**WE CONCUR:**


_____
**JAMES J. WECHSLER, Judge**


_____
**STEPHEN G. FRENCH, Judge**